**EXHIBIT A**



## Healthcare Primary

**Insured Name**

Averhealth Holdings, LLC
1700 BAYBERRY CT STE 105
RICHMOND, VA 23226-3791

**Producer Information**

LOCKTON COMPANIES, LLC
751 ARBOR WAY
STE 250
BLUE BELL, PA 19422

**Policy Number**

HMA 4032149325

**Producer Processing Code**

970-064074

**Policy Period**

05/01/2020 to 05/01/2021

**CNA Branch**

PHILADELPHIA
Three Radnor Corporate Center, 100 Matsonford Road
Suite 200
Radnor, PA 19087

**Thank you for choosing CNA!**

With your Healthcare Primary policy, you have insurance coverage tailored to meet the needs of your business. The international network of insurance professionals and the financial strength of CNA, rated "A" by A.M. Best, provide the resources to help you manage the daily risks of your organization so that you may focus on what's most important to you.

**Claim Services**

To file a claim contact us at:

Email:               HPReports@CNA.com

Fax#:                800-446-8632

Mailing Address:     Allied Healthcare Facilities
                     CNA Claims Reporting
                     P.O. Box 8317
                     Chicago, IL 60680-8317

© Copyright CNA All Rights Reserved.

aver000664




**Healthcare Primary**
Policyholder Notice

---

**POLICYHOLDER NOTICE - COUNTRYWIDE**

---

**IMPORTANT INFORMATION
NOTICE - OFFER OF TERRORISM COVERAGE;
CONFIRMATION OF REJECTION OF COVERAGE;
STATUTORY FIRE FOLLOWING TERRORISM COVERAGE IN CERTAIN STATES**

**THIS NOTICE DOES NOT FORM A PART OF YOUR POLICY, GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.**

As used herein, 1) "we" means the insurer listed on the Declarations or the Certificate of Insurance, as applicable; and 2) "you" means the first person or entity named on the Declarations or the Certificate of Insurance, as applicable.

You are hereby notified that under the Terrorism Risk Insurance Act, as extended and reauthorized ("Act"), you have a right to purchase insurance coverage of losses arising out of acts of terrorism, as defined in Section 102(1) of the Act, subject to all applicable policy provisions. The Terrorism Risk Insurance Act established a federal program within the Department of the Treasury, under which the federal government shares, with the insurance industry, the risk of loss from future terrorist attacks.

This Notice is designed to alert you to coverage restrictions and to certain terrorism provisions in the policy. If there is any conflict between this Notice and the policy (including its endorsements), the provisions of the policy (including its endorsements) apply.

CHANGE IN THE DEFINITION OF A CERTIFIED ACT OF TERRORISM

The Act applies when the Secretary of the Treasury certifies that an event meets the definition of an act of terrorism. Originally, the Act provided that to be certified, an act of terrorism must cause losses of at least five million dollars and must have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest to coerce the government or population of the United States. However, the 2007 re-authorization of the Act removed the requirement that the act of terrorism must be committed by or on behalf of a foreign interest, and now certified acts of terrorism may encompass, for example, a terrorist act committed against the United States government by a United States citizen, when the act is determined by the federal government to be "a certified act of terrorism."

In accordance with the Act, we are required to offer you the ability to purchase coverage for losses resulting from an act of terrorism that is certified under the federal program. The other provisions of this policy, including nuclear, war or military action exclusions, will still apply to such an act.

DISCLOSURE OF FEDERAL PARTICIPATION IN PAYMENT OF TERRORISM LOSSES

The Department of the Treasury will pay a share of terrorism losses insured under the federal program. In 2015, the federal share equals 85% of that portion of the amount of such insured losses that exceeds the applicable insurer retention, and shall decrease by 1 percentage point per calendar year until equal to 80%.

LIMITATION ON PAYMENT OF TERRORISM LOSSES

If aggregate insured losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100 billion in a calendar year (January 1 through December 31), the Treasury shall not make any payment for any portion of the amount of such losses that exceeds $100 billion.

---

Form No: CNA81760XX (03-2015)
Policyholder Notice Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 2 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Policyholder Notice

Further, this coverage is subject to a limit on our liability pursuant to the federal law where, if aggregate insured losses attributable to terrorist acts certified under the Act exceed $100 billion in a calendar year (January 1 through December 31) and we have met our insurer deductible under the Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion. In such case, insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

CONFIRMATION OF REJECTION OF COVERAGE

In accordance with the Act, we offered you the ability to purchase coverage for losses resulting from an act of terrorism that is certified under the federal program. This Notice confirms that you have chosen to reject our offer of coverage for certified acts of terrorism to the extent possible. Consequently, if permitted by state law, a terrorism exclusion endorsement is attached to the policy.

Certain states may not allow coverage for certified acts of terrorism to be rejected. If state law prohibits you from rejecting certain coverage for certified acts of terrorism, the premium for such coverage is shown separately on the Declarations or the Certificate of Insurance, if applicable.

Solely with respect to Property and Inland Marine coverages, by statute, for risks/locations in the states of: (i) CA, GA, HI, IA, IL, MA, ME, MO, NC, NJ, NY, OR, RI, WA, WI, and WV for Property, and (ii) CA; ME; MO; OR; and WI for Inland Marine, coverage is required to be provided for fire damage that results or follows from any cause of loss, even those that are otherwise excluded. As a result, if this policy provides Property or Inland Marine coverage and excludes terrorism, we nevertheless are statutorily required, with respect to such coverages, to insure against fire damage that might result from otherwise excluded acts of terrorism in the referenced states.

Form No: CNA81760XX (03-2015)
Policyholder Notice Page: 2 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 3 of 85

© Copyright CNA All Rights Reserved.

aver000666



**Healthcare Primary**
Policy Declarations



## POLICY DECLARATIONS

THE COVERAGE PARTS TO THIS POLICY MAY BE WRITTEN ON AN OCCURRENCE OR A CLAIMS MADE BASIS.
NOTICE: TO THE EXTENT THE COVERAGE AFFORDED UNDER ANY COVERAGE PART TO THIS POLICY IS ON A CLAIMS MADE BASIS, COVERAGE UNDER SUCH COVERAGE PART IS  LIMITED TO CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD AND REPORTED TO THE COMPANY IN ACCORDANCE WITH THE COMMON CONDITIONS. THE INSURED SHOULD READ THE ENTIRE POLICY CAREFULLY TO DETERMINE RIGHTS, DUTIES AND WHAT IS AND WHAT IS NOT COVERED.

### Named Insured and Mailing Address

**Named Insured:**

Averhealth Holdings, LLC

**Mailing Address:**

1700 BAYBERRY CT STE 105
RICHMOND, VA 23226-3791

### Policy Information



**Policy Number:** HMA 4032149325

**Renewal of:**    HMA 4032149325

**Insurer's Name and Address:**

Columbia Casualty Company
151 N Franklin St
Chicago, IL 60606

### Producer Information



**Producer:**

LOCKTON COMPANIES, LLC
751 ARBOR WAY
STE 250
BLUE BELL, PA 19422

**Producer code:** 970-064074

### Policy Period

**05/01/2020** to **05/01/2021** at 12:01 a.m. Standard Time at your mailing address shown above.

### Forms and Endorsements Attached to this Policy

**See SCHEDULE OF FORMS AND ENDORSEMENTS**

### Limits of Insurance

| | |
|---|---|
| **Policy Aggregate Limit of Insurance** | N/A |
| **Professional Liability** | See Professional Liability Coverage Part Declarations, if any |
| **General Liability** | See General Liability Coverage Part Declarations, if any |
| **Employee Benefits Liability** | See Employee Benefits Liability Coverage Part Declarations, if any |

Form No: CNA71817XX (01-2016)
Policy Declarations Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 4 of 85

© Copyright CNA All Rights Reserved.

aver000667





| Premium | | |
|---|---|---|
| Professional Liability Premium | | |
| General Liability Premium | | |
| Employee Benefits Liability Premium | | |
| Terrorism Premium | | |
| Total Premium | | |
| Minimum Earned Premium | | |
| Total Surcharges, Taxes and Fees | | |
| Total Premium, Surcharges, Taxes and Fees | | |

| Number of Days Notice of Cancellation / Non Renewal | |
|---|---|
| | **Number of Days** |
| Cancellation for nonpayment | 15 |
| Cancellation for any other reason | 90 |
| Nonrenewal | 90 |

| Notification Information | |
|---|---|
| Notice of **Claims** and **Potential Claims** | Address: CNA Claims Reporting<br>P.O. Box 8317<br>Chicago, IL 60680-8317 |
| | Fax #: 800-446-8632 |
| | Email Address: HPReports@CNA.com |

Form No: CNA71817XX (01-2016)
Policy Declarations Page: 2 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 5 of 85

© Copyright CNA All Rights Reserved.

aver000668



 **SCHEDULE OF FORMS AND ENDORSEMENTS**

| Endorsement Number | Form Name | Form Number | Form Edition Date |
|---|---|---|---|
| 1 | HIPAA PROCEEDINGS SUPPLEMENTARY PAYMENTS ENDORSEMENT | CNA71884XX | 01-2016 |
| 2 | MEDIA EXPENSES SUPPLEMENTARY PAYMENTS ENDORSEMENT | CNA71887XX | 01-2016 |
| 3 | DISCIPLINARY PROCEEDINGS SUPPLEMENTARY PAYMENTS ENDORSEMENT | CNA71890XX | 01-2016 |
| 4 | OHIO AMENDATORY STOP GAP LIABILITY COVERAGE ENDORSEMENT | CNA71836XX | 01-2016 |
| 5 | PATIENT PERSONAL PROPERTY ENDORSEMENT | CNA71891XX | 01-2016 |
| 6 | STOP GAP LIABILITY COVERAGE ENDORSEMENT | CNA71832XX | 01-2016 |
| 7 | STOP GAP LIABILITY COVERAGE ENDORSEMENT | CNA71832XX | 01-2016 |
| 8 | AMENDED DEFINITION OF EMPLOYEE FOR SPECIFIED CLASSES ENDORSEMENT | CNA71842XX | 01-2016 |
| 9 | MEDICAL LABORATORY COVERAGE ENDORSEMENT | CNA71875XX | 01-2016 |
| 10 | CANCELLATION AND NONRENEWAL AMENDATORY ENDORSEMENT WITH MINIMUM EARNED PREMIUM PROVISIONS | CNA71876XX | 01-2016 |
| 11 | EMERGENCY EVACUATION EXPENSES ENDORSEMENT | CNA71880XX | 01-2016 |
| 12 | ADDITIONAL INSURED ENDORSEMENT | CNA71913XX | 01-2016 |
| 13 | PREMIUM PAYMENT SCHEDULE ENDORSEMENT | CNA71946XX | 01-2016 |
| 14 | DEDUCTIBLE ENDORSEMENT (APPLICABLE TO DAMAGES ONLY) | CNA71952XX | 01-2016 |
| 15 | SERVICE OF SUIT ENDORSEMENT | CNA74300XX | 06-2014 |
| 16 | ADDITION OF INSURED ENDORSEMENT | CNA77987XX | 01-2016 |
| 17 | EXCLUSION OF CERTIFIED ACTS OF TERRORISM ENDORSEMENT | CNA81756XX | 03-2015 |
| 18 | AMENDED DEFINITION OF CLAIM ENDORSEMENT - HEALTHCARE FACILITIES PRIMARY POLICY - GOVERNMENTAL AND OTHER ENTITIES EXCLUSION | CNA95413XX | 03-2019 |
| | GLOSSARY OF DEFINED TERMS | CNA71818XX | 01-2016 |

Form No: CNA62640XX (01-2016)
Policy Schedule Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 6 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Policy Schedule

## SCHEDULE OF FORMS AND ENDORSEMENTS (Continued)

| Endorsement Number | Form Name | Form Number | Form Edition Date |
|---|---|---|---|
| | POLICYHOLDER NOTICE-COUNTRYWIDE NOTICE  OFFER OF TERRORISM COVERAGE; CONFIRMATION OF REJECTION OF COVERAGE | CNA81760XX | 03-2015 |
| | HEALTHCARE FACILITIES POLICY PROFESSIONAL LIABILITY COVERAGE PART DECLARATIONS | CNA71871XX | 01-2016 |
| | PROFESSIONAL LIABILITY COVERAGE PART - CLAIMS MADE | CNA71820XX | 01-2016 |
| | EMPLOYEE BENEFITS LIABILITY COVERAGE PART - CLAIMS MADE | CNA71823XX | 01-2016 |
| | EMPLOYEE BENEFITS LIABILITY COVERAGE PART DECLARATIONS | CNA71881XX | 01-2016 |
| | HEALTHCARE FACILITIES POLICY GENERAL LIABILITY COVERAGE PART DECLARATIONS | CNA71879XX | 01-2016 |
| | HEALTHCARE FACILITIES POLICY DECLARATIONS | CNA71817XX | 01-2016 |
| | COMMON TERMS AND CONDITIONS | CNA71819XX | 01-2016 |
| | GENERAL LIABILITY COVERAGE PART - OCCURRENCE | CNA71821XX | 01-2016 |

Form No: CNA62640XX (01-2016)
Policy Schedule Page: 2 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 7 of 85

© Copyright CNA All Rights Reserved.





## COMMON TERMS AND CONDITIONS

The Insurer designated in the Policy Declarations, a stock insurance corporation, hereafter called the "Insurer" and the **First Named Insured** in consideration of the payment of the premium agree as follows.

Terms in bold face type have special meaning as set forth in the **GLOSSARY OF DEFINED TERMS** or the applicable **coverage parts**, and associated forms and endorsements, of this policy. All headings are also in bold face type, whether or not they contain defined terms. See the section entitled **HEADINGS** below.

### ASSISTANCE AND COOPERATION

If there is a **claim** the **Insured** must:

**A.** forward to the Insurer or its designee, copies of the papers and documents, if any, which inform the **Insured** of a **claim**, including all notices, summonses or other processes regarding legal proceedings;

**B.** fully cooperate with the Insurer or its designee in all investigations, the making of settlements, the conduct of suits or other proceedings, enforcing any right of contribution or indemnity against another who may be liable to the **Insured** because of the **claim**. The **Insured** shall attend hearings and trials, assist in securing and giving evidence, and obtaining the attendance of witnesses; and

**C.** refuse, except at the **Insured**'s own cost to voluntarily make any payment, assume any obligation or incur any expense other than reasonable medical expenses incurred at the time of the event and payable pursuant to the section entitled **COVERAGES**, paragraph **C.**, **Medical Payments** of the **General Liability Coverage Part**.

### BANKRUPTCY

Bankruptcy or insolvency of the **Insured** or of the **Insured's** estate will not relieve the Insurer of its obligations under this policy.

### CANCELLATION AND NON-RENEWAL

The Cancellation/Nonrenewal provisions are as set forth in the Cancellation/Nonrenewal Endorsement attached to this policy.

### CHANGES TO THE POLICY

Notice to any of the Insurer's agents or knowledge possessed by any such agent or any other person shall not act as a waiver or change in any part of this policy. Nor will such notice prevent the Insurer from asserting any rights under the provisions of this policy. None of the provisions of this policy will be waived, changed or modified except by written endorsement issued to form a part of this policy.

### CHANGES TO THE BUSINESS, ACQUISITIONS AND MERGERS

**A.** The **Named Insured** must provide prior notice to the Insurer of the following events:

**1.** material or significant changes to the type or volume of the **professional services** reported to the Insurer in the **Named Insured's** application, unless such change is due to the acquisition or formation of a new subsidiary, in which case, the section entitled **NEW AND EXISTING SUBSIDIARIES/CESSATION OF SUBSIDIARY STATUS**, paragraph **A.** will control.

**2.** the **Named Insured's** merger with another entity; or

**3.** the acquisition of all or substantially all of the **Named Insured's** assets by another entity;

**B.** Upon receipt of such notice, the Insurer may:

**1.** adjust the premium to reflect the added exposure; or

Form No: CNA71819XX (01-2016)
Policy Conditions Page: 1 of 8
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 8 of 85

© Copyright CNA All Rights Reserved.

aver000671



2. solely with respect to items set forth in paragraphs **A.2.** and **A.3.** above, deem this policy to have ceased with respect to **claims** made against the **Insured** based on any act, error or omission, in the rendering of professional services, or any **occurrence** or offense committed or allegedly committed on or subsequent to the time and date of said event. In such case, the **policy period** shall remain unaltered and coverage will continue but only with respect to any act, error or omission in the rendering of **professional services**, or any **occurrence** or offense committed or allegedly committed prior to the time and date of any such event in accordance with all other terms and conditions of this policy.

## CONCEALMENT, MISREPRESENTATION AND FRAUD

No concealment, misrepresentation or fraud shall avoid or defeat recovery under this policy unless such concealment, misrepresentation or fraud was material. Concealment, misrepresentation or fraud in the procurement of this policy which if known by the Insurer would have led to refusal by the Insurer to make this contract or provide coverage, or to make this contract or provide coverage on different terms or conditions, will be deemed material.

## DUTIES AS THE FIRST NAMED INSURED ON THE DECLARATIONS

The **First Named Insured**, on behalf of all others, will be:

**A.** authorized to make changes in the terms of this policy with the consent of the Insurer;

**B.** the payee of any premiums the Insurer refunds;

**C.** responsible for:

1. the payment of all premiums due;

2. keeping records of the information the Insurer requires for premium computation, and sending copies of such records at such times as requested by the Insurer;

3. notifying the Insurer that the **First Named Insured** on behalf of all others wants to cancel this policy.

## ECONOMIC AND TRADE SANCTIONS

This policy does not provide coverage for **Insureds,** transactions or that part of **damages** or **defense costs** that is uninsurable under the laws or regulations of the United States concerning trade or economic sanctions.

## ENTIRE CONTRACT

By acceptance of this policy, the **Insureds** agree that this policy, consisting of these **COMMON TERMS AND CONDITIONS**, the **coverage parts**, the **GLOSSARY OF DEFINED TERMS**, and all endorsements to this policy, constitute the entire contract existing between the parties relating to this insurance.

## ESTATES, LEGAL REPRESENTATIVES, SPOUSES AND DOMESTIC PARTNERS

The estates, heirs, legal representatives, assigns, spouses and any **domestic partner** of a natural person **Named Insured** shall also be insured under this policy; provided, however, coverage is afforded to such estates, heirs, legal representatives, assigns, spouses or **domestic partners** only for **claims** arising solely out of their status as such and, in the case of a spouse or **domestic partner**, where such **claim** seeks **damages** from marital community property, jointly held property or property transferred from the **Named Insured** to such spouse or **domestic partner.** No coverage is provided for any act, error or omission of an estate, heir, legal representative, assign, spouse or **domestic partner.**

## EXAMINATION OF THE NAMED INSURED'S BOOKS AND RECORDS

The Insurer may examine and audit the **Named Insured's** books and records as they relate to this policy at any time during the **policy period** and up to 3 years afterward.

Form No: CNA71819XX (01-2016)
Policy Conditions Page: 2 of 8
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 9 of 85

© Copyright CNA All Rights Reserved.

aver000672





**Healthcare Primary**
Policy Conditions

**EXTENDED REPORTING PERIOD**

**A. Automatic Extended Reporting Period**

With respect to any **coverage part** written on a claims made basis, the Insurer will provide the **First Named Insured** with an automatic, noncancelable **extended reporting period** starting at the termination of the **policy period** if the **Insured** has not obtained replacement coverage, whether a policy or risk transfer instrument, including, but not limited to, self-insured retentions, deductibles or other alternative arrangements, within sixty (60) days of the termination of this policy. This automatic **extended reporting period** will terminate after sixty (60) days.

**B. Optional Extended Reporting Period**

With respect to any **coverage part** written on a claims made basis, if the **First Named Insured** has not obtained replacement coverage and writes to the Insurer within 60 days of the termination date telling the Insurer that it wants a further extension, and pays any amounts owed to the Insurer promptly when due together with any earned but unpaid premium which may be due under the terminated policy, the period of time allowed by the policy for the reporting of **claims** to the insurer will be further extended in accordance with the rules, rates and rating plans in effect for the Insurer at the inception of the reporting period. Once paid, the premium for this option is non-refundable and considered fully earned.

**C.** It is understood and agreed that no **extended reporting period** shall be construed to be a new policy and any **claim** submitted during an **extended reporting period** shall otherwise be governed by this policy. The Insurer's liability for all **claims** reported during the automatic and optional **extended reporting periods** shall be part of and not in addition to the limits of liability for the **policy period** as set forth in the Declarations.

**D.** The optional **extended reporting period**, if any, will run concurrently with the automatic **extended reporting period**. If purchased, **extended reporting period** coverage may not be cancelled.

Such **extended reporting periods** as set forth in paragraphs **A.** or **B.** above shall not apply to **claims** that are covered under any subsequent insurance the **Insured** purchases, or that would be covered but for exhaustion of the limit of insurance applicable to such **claims**.

**GOVERNMENT ACCESS TO RECORDS**

In accordance with the requirements of Section 952 of the Omnibus Reconciliation Act of 1980, and upon written request, the Insurer will allow the Secretary of Health and Human Services and the Comptroller General access to the policy and necessary books, documents and records to verify the cost of the policy, to the extent required by law. Access will also be allowed to subcontracts between the Insurer and any of its related organizations and to such organization's books, documents and records. Such access will be provided up to four (4) years after the services furnished under this policy end.

**HEADINGS**

The description in the headings and subheadings of this policy is solely for convenience, and forms no part of the terms and conditions of coverage.

**INSPECTIONS AND SURVEYS**

The Insurer has the right but is not obligated to:

**A.** make inspections and surveys at any time;

**B.** give the **Named Insured** reports on the conditions it finds;

**C.** recommend changes; or

**D.** conduct loss control and prevention activity.

Any inspections, surveys, reports, or recommendations relate only to insurability and the premiums to be charged.

Form No: CNA71819XX (01-2016)
Policy Conditions Page: 3 of 8
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 10 of 85

© Copyright CNA All Rights Reserved.

aver000673



The Insurer does not:

**1.** make safety inspections;

**2.** undertake to perform the duty of any entity to provide for the health or safety of workers or the public; nor

**3.** warrant that conditions:

    **a.** are safe or healthful; or

    **b.** comply with laws, regulations, codes or standards.

This provision applies not only to the Insurer, but also to any rating, advisory, rate service, or similar organization which makes insurance inspections, surveys, recommendations, reports, or gives loss control or prevention advice, on its behalf.

### INSURANCE UNDER MORE THAN ONE COVERAGE

If more than one of this policy's **coverage parts** apply to the same **claim**, the Insurer will not pay more than the limit of insurance of the **coverage part** most applicable to the type of **claim** which shall be determined at the Insurer's sole discretion.

### LEGAL ACTION LIMITATION

No **Insured** may bring any legal action against the Insurer concerning this policy until:

**A.** the **Insured** has fully complied with all the provisions of this policy; and

**B.** the amount of the **Insured**'s obligation to pay has been decided. Such amount can be set by judgment against the **Insured** after actual trial or **arbitration proceeding** or by written agreement between the **Insured**, the claimant and the Insurer.

Any claimant, or its legal representative, is entitled to recover under this policy after it has secured a judgment or written agreement. Recovery is limited to the extent of the insurance afforded by this policy. No claimant has any right under this policy to include the Insurer in any action against the **Insured** to determine the **Insured**'s liability, nor will the **Insured** or the **Insured**'s representative bring the Insurer into such an action. If the **Insured** or the **Insured**'s estate becomes bankrupt or insolvent, it does not change any of the Insurer's obligations under this policy.

### LIMITS OF INSURANCE/POLICY AGGREGATE

The Limits of Insurance are subject to the rules set forth under each **coverage part** under the section entitled **LIMITS OF INSURANCE**.

The Limits of Insurance for each **coverage part**, as applicable, are subject to the Policy Aggregate Limit of Insurance, if any, as specified in the Policy Declarations. As such, any aggregate Limit of Insurance in any **Coverage Part** Declarations are sublimits which are part of and not in addition to the Policy Aggregate Limit of Insurance.

### NEW AND EXISTING SUBSIDIARIES/CESSATION OF SUBSIDIARY STATUS

**A. Newly Acquired and Newly Formed Subsidiaries**

If, after the effective date of this policy any **Insured Entity** first has **management control** of any newly acquired or newly formed entity, such entity (and any subsidiaries, directors, officers, trustees or employees of such entity who otherwise would thereby become an **Insured**), shall be covered under this policy in conformance with all terms and conditions of this policy and with respect to such newly acquired or newly formed entity, subject to the following:

---

Form No: CNA71819XX (01-2016)
Policy Conditions Page: 4 of 8
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 11 of 85

© Copyright CNA All Rights Reserved.

aver000674



**Healthcare Primary**
Policy Conditions

1. where coverage is provided on a Claims-Made basis, both the **occurrence**, act error or omission or offense giving rise to the **claim** and the **claim** itself is made on or after the effective date of **management control** and within 90 days of such effective date, or on the termination of this policy, whichever is earlier; and

2. where coverage is written on an occurrence basis, the **bodily injury** or **property damage**, or offense giving rise to **personal and advertising injury**, occurred on or after the effective date of **management control** and within 90 days of such effective date, or on the termination of this policy, whichever is earlier.

Notwithstanding the above, if the Insurer agrees to provide coverage to such newly acquired or newly formed entity, such entity will be listed in a **Subsidiary** Endorsement and coverage for such **subsidiary** will then apply in conformance with the provisions of such **Subsidiary** Endorsement.

**B. Underwritten Subsidiaries**

Except with respect to coverage provided to newly acquired or newly formed subsidiaries under paragraph **A.** above, coverage for any **subsidiary** or any natural person **executive officer** or **employee** of any such **subsidiary** applies in conformance with all terms and conditions of this policy and, that with respect to any such **subsidiaries** and its **executive officers** or **employees** coverage is also subject to the following:

1. where coverage is written on a Claims-Made basis,

   a. the **claim** is both first made during the **policy period** and on or after the effective date of **management control**, and

   b. the **claim** is based on or arises out of any **occurrence**, act, error or omission or offense that occurred:

      i. on or after the date an **Insured Entity** first had **management control** of any such **subsidiary**; or

      ii. on or after the date such **subsidiary** became continuously insured without interruption under any applicable claims made policy which date is indicated on a Schedule of **Subsidiary** Retroactive Dates submitted annually or as requested by the Insurer ,

      whichever is earlier, unless such **subsidiary** is listed in the **Subsidiary** Endorsement and a retroactive date is specified for such **subsidiary** in such endorsement.

2. where coverage is written on an occurrence basis, the **bodily injury** or **property damage or** offense giving rise to **personal and advertising injury** occurred on or after the effective date of **management control.**

**C. Cessation of Subsidiary**

On the date when **management control** ceases (the "termination date"), subject to all other terms and conditions of this policy, coverage applies only to:

1. with respect to **claims** made coverage, acts, error or omissions, or **occurrences**, or offenses causing **personal and advertising injury** that happened on or after the retroactive date, if any, or if none, on or after the effective date of this policy, and prior to the termination date;

2. with respect to occurrence coverage, acts, errors or omission, or **bodily injury**, **property damage**, or an offense causing **personal and advertising injury** that happened within the **policy period** and prior to the termination date.

<u>**NOTICE OF CLAIMS AND POTENTIAL CLAIMS**</u>

**A.** With respect to any **coverage part** written on a Claims-Made basis,

Form No: CNA71819XX (01-2016)
Policy Conditions Page: 5 of 8
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 12 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Policy Conditions

1. **Notice of Claims**

   The **Insured**, as a condition precedent to the obligations of the Insurer under this policy, must give the Insurer written notice of any **claim** as soon as possible and during the **coverage relationship**. The Insurer agrees that the **Insured** may have up to, but not to exceed, 30 days after the termination of the **coverage relationship** to report a **claim** made against the **Insured** during the **policy period** if the reporting of such **claim** is done as soon as possible.

2. **Notice of Potential Claims**

   If during the **coverage relationship** any **authorized insured** becomes aware of:

   a. with respect to the **Professional Liability Coverage Part**, any act, error or omission in the rendering of **professional services**; or

   b. with respect to the **General Liability Coverage Part**, **bodily injury** or **property damage** arising out of an **occurrence**, or an offense causing **personal and advertising liability**; or

   c. with respect to the **Employee Benefits Liability Coverage Part**, any act, error or omission committed in the **administration** of the **Insured Entity's employee benefit program**:

   that may reasonably be expected to be the basis of a **claim** against the **Insured** and gives written notice during the **coverage relationship** to the Insurer of such act, error or omission or such injury, **occurrence** or offense, and the reasons for anticipating a **claim**, with full particulars, including but not limited to:

   i. the specific act, error or omission, or the specific injury, **occurrence** or offense; and

   ii. the dates and persons involved; and

   iii. the identity of anticipated or possible claimants; and

   iv. the consequences which have resulted or may result from such act, error or omission, or such injury, **occurrence** or offense; and

   v. the nature of the potential monetary amounts or non-monetary relief which may be sought in consequence of such specific act, error or omission, or such specific injury, **occurrence** or offense;

   then any **claim**, whenever made, that arises out of such reported act, error or omission or such injury, **occurrence** or offense shall be deemed to have been made at the time such written notice of the **potential claim** was first given to the Insurer.

3. **When A Claim is Made**

   Except as set forth in paragraph **2. Notice of Potential Claims**, a **claim** will be deemed first made at the earliest of the following times:

   a. when any **authorized insured** first receives a written or oral demand or,

   b. when any **authorized Insured** is first served with a suit.

B. With respect to any **coverage part** written on an occurrence basis:

1. The **Insured** must see to it that the Insurer is notified as soon as possible of an **occurrence or** an offense which may result in a **claim**. To the extent possible, notice should include:

   a. how, when and where the **occurrence or** offense took place;

   b. the names and addresses of any injured persons and witnesses; and

---

Form No: CNA71819XX (01-2016)
Policy Conditions Page: 6 of 8
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 13 of 85

© Copyright CNA All Rights Reserved.

**aver000676**





**Healthcare Primary**
Policy Conditions

   **c.**  the nature and location of any injury or damage arising out of the **occurrence or** offense.

**2.**  If a **claim** is made against any **Insured**, the **Insured** must:

   **a.**  immediately record the specifics of the **claim** and the date received; and

   **b.**  notify the Insurer in writing as soon as possible.

**3.**  The **Insured** must:

   **a.**  immediately send the Insurer copies of any demands, notices, summonses or legal papers received in connection with the **claim**;

   **b.**  authorize the Insurer to obtain records and other information.

## OTHER INSURANCE OR RISK TRANSFER ARRANGEMENTS

Any **claim** insured under any other insurance policy or risk transfer instrument, including, but not limited to, self-insured retentions, deductibles or other alternative arrangements, which applies to this **claim** shall be paid first by those instruments, policies or other arrangements. It is the intent of this policy to apply only to loss that is more than the total limit of all deductibles, retentions, limits of insurance, self-insured amounts or other valid and collectible insurance or risk transfer arrangements, whether primary, contributory, excess, contingent, or otherwise. In no event will the Insurer pay more than its limit of insurance. These provisions do not apply to other insurance policies or risk transfer arrangements written as specific excess insurance over the Limits of Insurance of the policy.

## PREMIUM

All premium charges under this policy will be computed according to the Insurer's rules and rating plans that apply at the inception of the current **policy period**. Premium charges may be paid to the Insurer or its authorized representative.

The Insurer computes the premium that the **Named Insured** pays for this policy using information available prior to the effective date of the policy. On some policies, the Insurer charges a fixed amount with no adjustment later. On auditable policies, all or part of the **Named Insured's** premium may be based on estimates. The deposit premium for auditable policies is shown on an audit endorsement and is due on the inception date of the policy.

On auditable policies, the Insurer computes the **Named Insured's** actual premium when complete information is available after the end of the **policy period**. If it is more than the **Named Insured** has already paid, the **Named Insured** owes the Insurer the difference. If it is less, the Insurer shall pay the **Named Insured** back the difference. However, the **Named Insured** will not pay less than any minimum annual premium agreed upon.

The **Named Insured** must keep accurate records of the information the Insurer requires to compute the **Named Insured's** premium. The **Named Insured** agrees to send the Insurer these records at the end of each **policy period**, or any other time requested by the Insurer.

## SEVERABILITY OF INTERESTS

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this policy to the **First Named Insured**, this insurance applies:

**A.**  as if each **Named Insured** were the only **Named Insured**; and

**B.**  separately to each **Insured** against whom a **claim** is made.

Form No: CNA71819XX (01-2016)
Policy Conditions Page: 7 of 8
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 14 of 85

© Copyright CNA All Rights Reserved.

aver000677



**Healthcare Primary**
Policy Conditions

## TERMS AND CONDITIONS

The terms and conditions of each **coverage part** apply only to that **coverage part** and shall not apply to any other **coverage part**. If any provision in these **COMMON TERMS AND CONDITIONS** is inconsistent with or in conflict with the terms and conditions of any **coverage part**, the terms and conditions of such **coverage part** shall control for purposes of that **coverage part**.

## TERRITORY

This policy applies to acts, errors or omissions, **occurrences** and offenses (including offenses that take place through the Internet or similar electronic means of communication) occurring any where in the world, provided that the **claim** is made and any legal proceedings are pursued within the United States of America, its territories, possessions, or commonwealths, Puerto Rico or Canada.

## TRANSFER OF INTEREST

Assignment of interest under this policy shall not bind the Insurer unless its consent is endorsed hereon.

## TRANSFER OF RIGHTS OF RECOVERY

If any **Insured** for whom payment is made by the Insurer under this policy has rights to recover amounts from another, those rights are transferred to the Insurer to the extent of its payment. The **Insured** must do everything necessary to secure the Insurer's rights and must do nothing to prejudice such rights.


IN WITNESS WHEREOF, the Insurer has caused this policy to be signed by the Insurer's Chairman and Secretary, but this policy shall not be binding upon the Insurer unless completed by the attachment of the Declarations and signed by the Insurer's duly authorized representative.


Chairman of the Board                              Secretary

Form No: CNA71819XX (01-2016)
Policy Conditions Page: 8 of 8
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 15 of 85

© Copyright CNA All Rights Reserved.

**aver000678**



## GLOSSARY OF DEFINED TERMS

This **Glossary of Defined Terms** applies to the **Professional Liability Coverage Part**, the **General Liability Coverage Part** and the **Employee Benefits Liability Coverage Part**. For purposes of this policy, words in bold face type, whether expressed in the singular or the plural, have the meaning set forth below.

### ADMINISTRATION

**Administration** means:

**A.** providing information to **employees**, including their dependents and beneficiaries, with respect to eligibility for or scope of **employee benefit programs**;

**B.** handling records in connection with the **employee benefit program**; or

**C.** effecting, continuing or terminating any **employee's** participation in any benefit included in the **employee benefit program**.

However, **administration** does not include handling payroll deductions.

### ADMINISTRATIVE SERVICES

**Administrative services** means planning, organizing, directing and controlling, on the **Insured Entity's** behalf, the medical operations of the **Insured Entity** by or on behalf of an **administrator**. **Administrative services** include services as a member of a **formal review board**. **Administrative services** do not include:

**A.** employment benefit plan, program or policy consultation, administration or implementation;

**B.** billing services;

**C.** recording of accounts or monetary transactions, financial reporting and budgeting;

**D.** administration of insurance plans; including **claims**, **administration**, billing and collection services;

**E.** case management, utilization management or utilization review, performed for others;

**F.** quality assurance and risk management activities, performed for others;

**G.** marketing and advertising activities;

**H.** designing, developing, programming, distributing, installing, licensing, servicing, and maintaining computer hardware and software, including web-based applications, web sites and online services.

### ADMINISTRATOR

**Administrator** means any natural person **executive officer**, superintendent, medical director, any department head (including the head of the medical staff), any **formal review board** member, any staff member, or any stockholder of the **Insured Entity**, but solely to the extent that he or she performs **administrative services** on the **Insured Entity's** behalf.

### ADVERTISEMENT

**Advertisement** means a notice that is broadcast or published to the general public or specific market segments about the **Insured Entity's** goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**A.** notices that are published include material placed on the Internet or on similar electronic means of communication; and

Form No: CNA71818XX (01-2016)
Glossary Page: 1 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 16 of 85

© Copyright CNA All Rights Reserved.

aver000679



**B.** regarding web-sites, only that part of a web-site that is about the **Insured Entity's** goods, products or services for the purposes of attracting customers or supporters is considered an **advertisement**.

## ARBITRATION PROCEEDING

**Arbitration proceeding** means a formal alternative dispute resolution proceeding or administrative hearing to which an **Insured** is required to submit by statute or court rule or to which an **Insured** has submitted with the Insurer's consent.

## ASBESTOS

**Asbestos** means the mineral in any form whether or not the **asbestos** was at any time airborne as a fiber, particle or dust, contained in or formed a part of a product, structure or other real or personal property, carried on clothing, inhaled or ingested, or transmitted by any other means.

## AUTHORIZED INSURED

**Authorized Insured** means any **executive officer**, member of the **Named Insured's** human resources, risk management or in-house general counsel's office, or any **employee** authorized by the **Named Insured** to give or receive notice of a **claim**.

## AUTO

**Auto** means:

**A.** a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment;

**B.** any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However **auto** does not include **mobile equipment**.

## BODILY INJURY

**Bodily injury** means bodily injury, sickness or disease sustained by a person including death. **Bodily injury** also includes mental injury or mental anguish sustained by a person at any time if such mental injury or mental anguish results as a consequence of such bodily injury, sickness or disease.

## CAFETERIA PLANS

**Cafeteria plans** means plans authorized by applicable law to allow **employees** as defined with respect to the **Employee Benefits Liability Coverage Part**, to elect to pay for certain benefits with pre-tax dollars.

## CLAIM

**Claim** means:

**A.** a civil proceeding in which **damages** because of injury to which this insurance applies are alleged, including:

    **1.** an **arbitration proceeding** alleging such **damages**; or

    **2.** any other alternative dispute resolution proceeding in which such **damages** are claimed and to which the **Insured** submits with the Insurer's consent; or

**B.** a written or oral demand for **damages** alleging injury to which this insurance applies.

## COVERAGE PART

**Coverage Part** means only those coverage parts designated as included in the Declarations.

Form No: CNA71818XX (01-2016)
Glossary Page: 2 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 17 of 85

© Copyright CNA All Rights Reserved.

aver000680



**Healthcare Primary**
Glossary

## COVERAGE RELATIONSHIP

**Coverage relationship** means that period of time that begins on the effective date of the first policy issued by the Insurer to the **First Named Insured** of which this policy is a renewal in a consecutive series of renewals and the cancellation date or nonrenewal date of the last such consecutive renewal policy issued by the Insurer to the **First Named Insured**, where there has been no gap in coverage.

## DAMAGES

**Damages** means the amount an **Insured** is legally obligated to pay, either through:

**A.** final adjudication of a **claim**; or

**B.** through compromise or settlement of a **claim** with the Insurer's written consent or direction;

because of:

**1.** with respect to the **Professional Liability Coverage Part**, acts, errors or omissions in the rendering of **professional services**; or

**2.** with respect to the **General Liability Coverage Part**, **occurrences** causing **bodily injury** or **property damage** or offenses causing **personal and advertising injury** covered by this policy;

**3.** with respect to the **Employee Benefits Liability Coverage Part**, acts, errors or omissions negligently committed in the **administration** of the **Insured Entity's employee benefit program**.

In addition, **damages** includes the above mentioned sums only after deducting all other recoveries and salvages.

However, **damages** does not include:

**a.** with respect to any **claim**;

  **i.** restitution, return or disgorgement of fees, costs and expenses paid or incurred or charged by an **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;

  **ii.** civil or criminal fines, sanctions, penalties, forfeitures, or taxes whether pursuant to statute, regulation or court rule, including those imposed under the Internal Revenue Code;

  **iii.** the multiplied portion of multiplied awards imposed pursuant to any statute or regulation requiring such awards;

  **iv.** injunctive or declaratory relief;

  **v.** any amount that is not insurable under any applicable law; or

  **vi.** plaintiff's attorney fees associated with any of the above;

**b.** in addition to paragraph **a. i.** through **vi.** above, with respect to the **Employee Benefits Liability Coverage Part**, **damages** also does not include:

  **i.** any amounts for benefits to the extent that such benefits are available, with reasonable effort and cooperation of the **Insured**, from the applicable funds accrued or other collectible insurance; or

  **ii.** any amounts that exceed the limits and restrictions that apply to the payment of benefits in any plan included in the **employee benefit program**.

Form No: CNA71818XX (01-2016)
Glossary Page: 3 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 18 of 85

© Copyright CNA All Rights Reserved.

aver000681



### DEFENSE COSTS

**Defense costs** mean:

**A.** reasonable and necessary fees, costs, and expenses incurred by the **Insurer** or consented to by the **Insurer** and incurred by the **Insured Entity** in the defense or appeal of any covered **claim**, and includes premium for appeal bonds, attachment bonds or similar bonds arising out of a covered judgment, but only such premium up to the applicable limit of insurance. In addition, the Insurer will pay up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which **bodily injury** coverage applies. The Insurer has no obligation to provide such bonds.

**B.** prejudgment interest awarded against an **Insured** on that part of a judgment covered by this policy. If the Insurer makes an offer to pay the applicable limit of insurance, the Insurer will not pay any prejudgment interest based on that period of time after the offer.

**C.** post judgment interest which accrues after entry of judgment, but before the Insurer has paid or offered to pay, or deposited in court that part of the judgment which is within the limit of insurance of this policy. The amount of interest the Insurer pays will be in direct proportion to the amount of **damages** the Insurer pays in relation to the total amount of the judgment.

**D.** all reasonable expenses incurred by an **Insured** at the Insurer's request to assist the **Insurer** in the investigation or defense of the **claim**. This includes the **Insured's** actual loss of earnings up to $750 per day, because of time off from work.

**E.** Solely with respect to the **General Liability Coverage Part**:

If the Insurer defends an **Insured** against a **claim** and an indemnitee of the **Insured** is also named as a party to the **claim**, the Insurer will defend that indemnitee if all of the following conditions are met:

**1.** the **claim** against the indemnitee seeks damages for which the **Insured** has assumed the liability of the indemnitee in a contract or agreement that is an **insured contract**;

**2.** this insurance applies to such liability assumed by the **Insured**;

**3.** the obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the **Insured** in the same **insured contract**;

**4.** the allegations in the **claim** and the information the Insurer knows about the **occurrence** are such that no conflict appears to exist between the interests of the **Insured** and the interests of the indemnitee;

**5.** the indemnitee and the **Insured** ask the Insurer to conduct and control the defense of that indemnitee against such **claim** and agree that the Insurer can assign the same counsel to defend the **Insured** and the indemnitee; and

**6.** the indemnitee:

**a.** agrees in writing to:

**i.** cooperate with the Insurer in the investigation, settlement or defense of the **claim**;

**ii.** immediately send the Insurer copies of any demands, notices, summonses or legal papers received in connection with the **claim**;

**iii.** notify any other insurer whose coverage is available to the indemnitee; and

**iv.** cooperate with the Insurer with respect to coordinating other applicable insurance available to the indemnitee; and

Form No: CNA71818XX (01-2016)
Glossary Page: 4 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 19 of 85

© Copyright CNA All Rights Reserved.

aver000682



**Healthcare Primary**
*Glossary*

    **b.**  provides the Insurer with written authorization to:

        **i.**  obtain records and other information related to the **claim**; and

        **ii.**  conduct and control the defense of the indemnitee in such **claim**.

So long as the above conditions are met, attorneys' fees incurred by the Insurer in the defense of that indemnitee, necessary litigation expenses incurred by the Insurer and necessary litigation expenses incurred by the indemnitee at the Insurer's request will be paid as **defense costs**, and, as such, such payments will not be deemed to be **damages** for **bodily injury** and **property damage** and will not reduce the limits of insurance.

The Insurer's obligation to defend an **Insured's** indemnitee and to pay for attorneys' fees and necessary litigation expenses ends when the Insurer has used up the applicable limit of insurance in the payment of judgments or settlements; or the conditions set forth above, or the terms of the agreement described in paragraph **6.** above, are no longer met.

However **defense costs** do not include:

**i.**  salaries, wages, fees, overhead or benefit expenses associated with an **Insured Entity's executive officers** or **employees**;

**ii.**  fees and expenses of independent adjusters engaged by the Insurer or salaries of the Insurer's officials or employees, other than fees and expenses charged by the Insurer's employed attorneys who may be designated to represent an **Insured** with such **Insured's** consent.

## DOMESTIC PARTNER

**Domestic partner** means any person qualifying as such under any federal, state or local laws or under the **Insured Entity's** employee benefit plans or **employee benefits program**.

## ELECTRONIC DATA

**Electronic data** means information, facts or programs stored as or on, created or used on, or transmitted to or from, computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

## EMPLOYEE

**Employee** means:

**A.**  with respect to the **Employee Benefits Liability Coverage Part, employee** means a person actively employed, formerly employed, on leave of absence or disabled, or retired. **Employee** includes a **leased worker**. **Employee** does not include a **temporary worker**;

**B.**  with respect to the **Professional Liability Coverage Part** and the **General Liability Coverage Part**, a person whose work the **Insured Entity** engaged and directed, including students and volunteers. An **employee** includes seasonal and temporary **employees** and **employees** leased or loaned to the **Insured Entity**. An independent contractor is not an **employee**. Solely with respect to the **Professional Liability Coverage Part**, an **employee** does not include interns, residents, physicians, surgeons, dentists, nurse anesthetists, nurse midwives, podiatrists or chiropractors acting in their capacity as such except and solely to the extent they are rendering **Good Samaritan services, proctoring services** or **administrative services**.

Form No: CNA71818XX (01-2016)                                                  Policy No: HMA 4032149325
Glossary Page: 5 of 16                                                          Policy Effective Date: 05/01/2020
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606      Policy Page: 20 of 85

© Copyright CNA All Rights Reserved.

**aver000683**



**Healthcare Primary**
Glossary

## EMPLOYEE BENEFIT PROGRAM

**Employee benefit program** means a program providing some or all of the following benefits to **employees**, as defined with respect to the **Employee Benefits Liability Coverage Part**, whether provided through a **cafeteria plan** or otherwise:

**A.** group life insurance, group accident or health insurance, dental, vision and hearing plans, and flexible spending accounts, provided that no one other than an **employee** may subscribe to such benefits and such benefits are made generally available to those **employees** who satisfy the plan's eligibility requirements;

**B.** profit sharing plans, **employee** savings plans, **employee** stock ownership plans, pension plans and stock subscription plans, provided that no one other than an **employee** may subscribe to such benefits and such benefits are made generally available to all **employees** who are eligible under the plan for such benefits;

**C.** unemployment insurance, social security benefits, workers' compensation and disability benefits; or

**D.** vacation plans, including buy and sell programs; leave of absence programs, including military, maternity, family, and civil leave; tuition assistance plans; transportation and health club subsidies.

## EXECUTIVE OFFICER

**Executive officer** means any natural person director, officer, trustee or governor of a corporation, management committee member of a joint venture, partner of any partnership or manager or member of the Board of Managers of a limited liability company. Solely with respect to the **Professional Liability Coverage Part**, an **executive officer** does not include interns, residents, physicians, surgeons, dentists, nurse anesthetists, podiatrists or chiropractors except and solely to the extent they are rendering **Good Samaritan services**, **proctoring services** or **administrative services**.

## EXTENDED REPORTING PERIOD

**Extended reporting period** means:

**A.** with respect to the **Professional Liability Coverage Part**, the period of time after the end of the **policy period** for reporting **claims** to the Insurer that are made against an **Insured** during the applicable **extended reporting period** arising out of acts errors or omissions that took place on or after any applicable Retroactive Date and prior to the end of the **policy period**;

**B.** with respect to the **General Liability Claims Made Coverage Part**, the period of time after the end of the **policy period** for the reporting of **claims** to the Insurer that are made against the **Insured** during the applicable **extended reporting period** arising out of an **occurrence** causing **bodily injury** or **property damage,** which **occurrence** took place on or after any applicable Retroactive Date and prior to the end of the **policy period**, or arising out of an offense causing **personal and advertising injury,** which offense took place on or after any applicable Retroactive Date and prior to the end of the **policy period**;

**C.** with respect to the **Employee Benefits Liability Coverage Part**, the period of time after the end of the **policy period** for reporting **claims** to the Insurer that are made against an **Insured** during the applicable **extended reporting period** arising out of acts errors or omissions negligently committed in the **administration** of the **Insured Entity's employee benefit program** that took place on or after any applicable Retroactive Date and prior to the end of the **policy period**;

## FIRST NAMED INSURED

**First Named Insured** means the entity first listed as a **Named Insured** in the Declarations.

Form No: CNA71818XX (01-2016)
Glossary Page: 6 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 21 of 85

© Copyright CNA All Rights Reserved.

**aver000684**



**Healthcare Primary**
Glossary

## FORMAL REVIEW BOARD

**Formal review board** means the **Insured Entity's** official boards or committees formed for the purpose of:

**A.** evaluating the qualifications or performance of the **Insured Entity's** professional staff; or

**B.** evaluating, maintaining and ensuring the quality of **professional services** being provided at the **Insured Entity's** healthcare facility.

## FUNGI

**Fungi** means any form of fungus, including but not limited to, yeast, mold, mildew, rust, smut or mushroom, and including any spores, mycotoxins, odors, or any other substances, products, or byproducts produced by, released by, or arising out of the current or past presence of fungi. However, **fungi** does not include any fungi intended by the **Insured** for consumption.

## GOOD SAMARITAN SERVICES

**Good Samaritan services** means services provided by a natural person **Insured**:

**A.** in a sudden and unforeseen emergency situation, or

**B.** at the direction of an **Insured Entity**,

for which no remuneration is expected, demanded or received.

## HAZARDOUS PROPERTIES

**Hazardous properties** means radioactive, toxic or explosive properties.

## HEALTHCARE SERVICES

**Healthcare services** means services performed on behalf of the **Insured Entity** by an **Insured**, or by someone for whom an **Insured** is liable, to care for or assist the **Insured Entity's** patient. **Healthcare services** include the furnishing of food, beverages, medications or appliances in connection with such services, and the postmortem handling of human bodies.

## HOSTILE FIRE

**Hostile fire** means one which becomes uncontrollable or breaks out from where it was intended to be.

## IMPAIRED PROPERTY

**Impaired property** means tangible property, other than **insured product** or **insured work** that cannot be used or is less useful because:

**A.** it incorporates **insured product** or **insured work** that is known or thought to be defective, deficient, inadequate or dangerous; or

**B.** the **Insured Entity** has failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of **insured product** or **insured work**; or the **Insured Entity's** fulfilling the terms of the contract or agreement.

## INSURED

**Insured** means any **Insured Entity** and,

**A.** with respect to coverage under the **Professional Liability Coverage Part**:

    **1.** the **Insured Entity's executive officers** and **employees,** but solely with respect to **professional services** rendered on behalf of the **Insured Entity;**

---

Form No: CNA71818XX (01-2016)
Glossary Page: 7 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 22 of 85

© Copyright CNA All Rights Reserved.

aver000685



2. the **Insured Entity's administrator,** but solely with respect to **administrative services** performed on behalf of the **Insured Entity;**

3. any person or organization to whom or to which the **Insured Entity** is obligated by virtue of a written contract or agreement:

   a. to add to this policy as an additional insured for its liability; or

   b. to hold harmless or indemnify such person or organization,

   but such person or organization is an insured exclusively for the vicarious liability imposed upon such person or organization because of acts, errors or omissions in the rendering of covered **professional services** by the **Insured Entity,** and only to the extent of the limits of insurance required by such contract or agreement, not to exceed the limits of insurance of this policy. However, this provision does not apply:

   i. unless the written contract or agreement has been executed prior to the act, error or omission in the rendering of **professional services** upon which the **claim** is based. The contract or agreement will be considered executed when the **Insured's** performance begins, or when it is signed, whichever happens first; or

   ii. to any person or organization for its liability arising out if its own acts, errors or omissions.

   Further, where required by such written contract or agreement, coverage for such person or organization shall be primary and non-contributory as respects any other insurance policy issued to such additional insured. Otherwise the section entitled **OTHER INSURANCE OR RISK TRANSFER ARRANGEMENTS** in the **COMMON TERMS AND CONDITIONS** applies.

B. with respect to coverage under the **General Liability Coverage Part,**

   1. the **Insured Entity's executive officer** but only with respect to the conduct of the **Insured Entity's** business; or

   2. the **Insured Entity's** stockholders, but only with respect to their liability as stockholders;

   3. the **Insured Entity's employee,** but only for acts within the scope of their employment by the **Insured Entity** or while performing duties related to the conduct of the **Insured Entity's** business.

   However, none of these **employees** is an **Insured** for:

   a. **bodily injury** or **personal and advertising injury:**

      i. to the **Insured Entity,** to an **Insured Entity's executive officers,** or to a **co-employee** while such injured person is either in the course of his or her employment or performing duties related to the conduct of the **Insured Entity's** business;

      ii. to the spouse, **domestic partner,** child, parent, brother or sister of such injured person as a consequence of paragraph **i.** above; or

      iii. for which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs **i.** or **ii.** above.

   b. **property damage** to property:

      i. owned, occupied or used by,

      ii. rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by,

      the **Insured Entity,** any of its **employees** or **executive officers.**

   4. any person (other than the **Insured Entity's employee**), or any organization while acting as the **Insured Entity's** real estate manager.

Form No: CNA71818XX (01-2016)
Glossary Page: 8 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 23 of 85

© Copyright CNA All Rights Reserved.



5.  any person or organization having proper temporary custody of a natural person **Named Insured's** property if he or she dies, but only:

    a.  with respect to liability arising out of the maintenance or use of that property; and

    b.  until such **Named Insured's** legal representative has been appointed.

6.  any person or organization to whom or to which the **Insured Entity** is obligated by virtue of a written contract, agreement or permit:

    a.  to add to this policy as an additional insured for its liability; or

    b.  to hold harmless or indemnify such person or organization,

    but such person or organization is an insured exclusively for **bodily injury** or **property damage** arising out of an **occurrence**, or **personal and advertising injury** arising out of an offense, for which such person or organization is vicariously liable because of acts or omissions committed by the **Insured Entity** and only to the extent of the limits of insurance required by such contract or agreement, not to exceed the limits of insurance of this policy. However, coverage under this provision does not apply:

    i.  unless the written contract or agreement has been executed, or the permit has been issued, prior to the **bodily injury**, **property damage** or offense. The contract or agreement will be considered executed when the **Insured's** performance begins, or when it is signed, whichever happens first; or

    ii.  to any person or organization:

         (a)  for **bodily injury**, **property damage**, or **personal and advertising injury** arising out of its own acts or omissions; or

         (b)  included as an **Insured** by an endorsement issued by the Insurer and made a part of this policy.

    Further, where required by such written contract or agreement, coverage for such person or organization shall be primary and non-contributory as respects any other insurance policy issued to such additional insured. Otherwise the section entitled **OTHER INSURANCE OR RISK TRANSFER ARRANGEMENTS** in the **COMMON TERMS AND CONDITIONS** applies.

C.  with respect to coverage under the **Employee Benefits Liability Coverage Part**:

    1.  the **Insured Entity's executive officer**, but only for the **administration** of the **Insured Entity's employee benefit program**; or

    2.  the **Insured Entity's employee** authorized to administer its **employee benefit program**; or

    3.  any person, organization or **employee** having proper temporary authorization to administer the **Insured Entity's employee benefit program**, but only until an authorized legal representative is appointed on behalf of the **Insured Entity**.

## INSURED CONTRACT

**Insured contract** means:

A.  a contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to the **Insured Entity** or temporarily occupied by the **Insured Entity** with permission of the owner is not an **insured contract**;

B.  a sidetrack agreement;

C.  any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

Form No: CNA71818XX (01-2016)
Glossary Page: 9 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 24 of 85

© Copyright CNA All Rights Reserved.



**D.** an obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**E.** an elevator maintenance agreement;

**F.** that part of any other contract or agreement pertaining to the **Insured Entity's** business (including an indemnification of a municipality in connection with work performed for a municipality) under which the **Insured Entity** assumes the tort liability of another party to pay for **bodily injury** or **property damage** to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

However, **insured contract** does not include that part of any contract or agreement:

**1.** that indemnifies a railroad for **bodily injury** or **property damage** arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**2.** that indemnifies an architect, engineer or surveyor for **bodily injury** or **property damage** arising out of:

    **a.** preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    **b.** giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**3.** under which the **Insured**, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the **Insured's** rendering or failure to render professional services, including those listed in paragraph **2.** above and supervisory, inspection, architectural or engineering activities.

## INSURED ENTITY

**Insured Entity** means the natural person or entity **Named Insured** and any **subsidiary**.

## INSURED PRODUCT

**Insured product** means:

**A.** any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    **1.** the **Insured Entity**;

    **2.** others trading under the **Insured Entity's** name; or

    **3.** a person or organization whose business or assets the **Insured Entity** has acquired; and

**B.** containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products,

**C.** warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **insured product**, and the providing of or failure to provide warnings or instructions,

**Insured product** does not include vending machines or other property rented to or located for the use of others but not sold.

---

Form No: CNA71818XX (01-2016)
Glossary Page: 10 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 25 of 85

© Copyright CNA All Rights Reserved.

aver000688



**Healthcare Primary**
Glossary

## INSURED WORK

**Insured work** means:

**A.** work or operations performed by the **Insured Entity** or on the **Insured Entity's** behalf; and

**B.** materials, parts or equipment furnished in connection with such work or operations.

**Insured Work** includes warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of insured work and the providing of or failure to provide warnings or instructions.

## LEASED WORKER

**Leased worker** means a person leased to the **Insured Entity** by a labor leasing firm under an agreement between **Insured Entity** and the labor leasing firm, to perform duties related to the conduct of the **Insured Entity's** business. **Leased worker** does not include a **temporary worker**.

## LOADING OR UNLOADING

**Loading or unloading** means the handling of property:

**A.** after it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or **auto**;

**B.** while it is in or on an aircraft, watercraft or **auto**; or

**C.** while it is being moved from an aircraft, watercraft or **auto** to the place where it is finally delivered.

However, **loading or unloading** does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or **auto**.

## MANAGEMENT CONTROL

**Management control** means:

**A.** owning interests representing more than 50% of the voting, appointment or designation power for the selection of a majority of: the Board of Directors of a corporation; the management committee members of a joint venture; or the members of the management board of a limited liability company; or

**B.** having the right, pursuant to the **Named Insured's** written contract or the by-laws, charter, operating agreement or similar documents, to elect, appoint or designate a majority of: the Board of Directors of a corporation; the management committee of a joint venture; or the management board of a limited liability company.

## MEDICARE/MEDICAID CLAIM

**Medicare/Medicaid Claim** means a **claim** based on or arising out of any actual or alleged violation of law with respect to Medicare, Medicaid, Tricare or any similar federal, state or local governmental program.

## MICROBE

**Microbe** means any non-fungal microorganism or non-fungal, colony-form organism that causes infection or disease. **Microbe** includes any spores, mycotoxins, odors, or any other substances, products, or byproducts produced by, released by, or arising out of the current or past presence of microbes. However **microbe** does not mean microbes that were transmitted directly from person to person.

Form No: CNA71818XX (01-2016)
Glossary Page: 11 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 26 of 85

© Copyright CNA All Rights Reserved.

aver000689



**Healthcare Primary**
Glossary

## MOBILE EQUIPMENT

**Mobile equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

**A.** bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**B.** vehicles maintained for use solely on or next to premises the **Insured Entity** owns or rents;

**C.** vehicles that travel on crawler treads;

**D.** vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

    **1.** power cranes, shovels, loaders, diggers or drills; or

    **2.** road construction or resurfacing equipment such as graders, scrapers or rollers;

**E.** vehicles not described in **A.**, **B.**, **C.** or **D.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

    **1.** air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration lighting and well servicing equipment; or

    **2.** cherry pickers and similar devices used to raise or lower workers;

**F.** vehicles not described in **A.**, **B.**, **C.** or **D.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not mobile equipment but will be considered **autos**:

    **1.** equipment designed primarily for:

        **a.** snow removal;

        **b.** road maintenance, but not construction or resurfacing; or

        **c.** street cleaning;

    **2.** cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

    **3.** air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered **autos**.

## NAMED INSURED

**Named Insured** means the entity listed as such in the Declarations.

## NUCLEAR FACILITY

**Nuclear facility** means:

**A.** any **nuclear reactor**;

**B.** any equipment or device designed or used for:

    **1.** separating the isotopes of uranium or plutonium;

---

Form No: CNA71818XX (01-2016)
Glossary Page: 12 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 27 of 85

© Copyright CNA All Rights Reserved.

aver000690



**Healthcare Primary**
*Glossary*

   **2.** processing or utilizing **spent fuel**; or

   **3.** handling, processing or packaging **nuclear waste**;

**C.** any equipment or device used for the processing, fabricating or alloying of special **nuclear material** if at any time the total amount of such material in the custody of any **Insured** at the premises where such equipment is located consists of or contains more than:

   **1.** 25 grams of plutonium or uranium 233 or any combination thereof; or

   **2.** 250 grams of uranium 235;

**D.** any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **nuclear waste**;

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

## NUCLEAR MATERIAL

**Nuclear material** means source material, special nuclear material, or by-product material as these terms are defined in the Atomic Energy Act of 1954 or in any law amendatory thereof.

## NUCLEAR REACTOR

**Nuclear reactor** means an apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

## NUCLEAR WASTE

**Nuclear Waste** means waste material:

**A.** containing **by-product material** other than the tailings or waste produced by the extraction or concentration of uranium or thorium from ore processed primarily for its source material (as defined in the Atomic Energy Act of 1954 or in any law amendatory thereof) content; and

**B.** resulting from the operation by any person or organization, of a **nuclear facility** included within paragraphs **A.** and **B.** of the definition of **nuclear facility**.

## OCCURRENCE

**Occurrence** means an accident, including continuous or repeated exposure to the same general harmful conditions.

## PERSONAL AND ADVERTISING INJURY

**Personal and advertising injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

**A.** false arrest, detention or imprisonment;

**B.** malicious prosecution or abuse of process;

**C.** wrongful eviction from, wrongful entry into, or the invasion of the right of private occupancy of a room, dwelling or premises that a person occupies committed by or on behalf of its owner, landlord or lessor;

**D.** oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**E.** oral or written publication, in any manner, of material that violates a person's right of privacy;

Form No: CNA71818XX (01-2016)
Glossary Page: 13 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 28 of 85

© Copyright CNA All Rights Reserved.

**aver000691**



F.  the use of another's advertising idea in the **Insured Entity's advertisement**; or

G.  infringing upon another's copyright, trade dress or slogan in the **Insured Entity's advertisement**.

## POLICY PERIOD

**Policy period** means the time from 12:01 A.M. on the effective date of this policy as set forth in the Declarations to the earlier of 12:01 A.M. of the expiration, termination or cancellation date of this policy.

## POLLUTANTS

**Pollutants** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes medical waste and materials to be recycled, reconditioned or reclaimed.

## POTENTIAL CLAIM

**Potential claim** means:

A.  with respect to the **Professional Liability Coverage Part**, an act, error or omission in the rendering of **professional services** that any **authorized insured** has reason to believe would give rise to a **claim**; or

B.  with respect to the **General Liability Coverage Part**, **bodily injury** or **property damage** arising out of an **occurrence** or an offense causing **personal and advertising injury** that any **authorized insured** has reason to believe would give rise to a **claim**; or

C.  with respect to the **Employee Benefits Liability Coverage Part**, an act, error or omission committed in the **administration** of the **Insured Entity's employee benefit program** that any **authorized insured** has reason to believe would give rise to a **claim**.

## PROCTORING SERVICES

**Proctoring services** means supervision, training, assistance, coaching or guidance provided by or on the **Insured Entity's** behalf by:

A.  a physician or any other health care professional licensed, trained and qualified to provide such supervision, training, assistance, coaching or guidance, or

B.  any other person under the supervision, training, or direction and control of such physician or health care professional.

## PROFESSIONAL SERVICES

**Professional services** means the rendering to others of **healthcare services**, **Good Samaritan services**, **proctoring services** or **administrative services**.

## PRODUCTS-COMPLETED OPERATIONS HAZARD

**Products-completed operations hazard** means **bodily injury** and **property damage** occurring away from premises the **Insured Entity** owns or rents and arising out of an **insured product** or **insured work** except:

A.  products that are still in the **Insured Entity's** physical possession; or

B.  work that has not yet been completed or abandoned. However, **insured work** will be deemed completed at the earliest of the following times:

  1.  when all of the work called for in the **Insured Entity's** contract has been completed;

  2.  when all of the work to be done at the job site has been completed if the **Insured Entity's** contract calls for work at more than one job site; or

---

Form No: CNA71818XX (01-2016)
Glossary Page: 14 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 29 of 85

© Copyright CNA All Rights Reserved.

aver000692



**Healthcare Primary**
Glossary

3.  when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

However, **products-completed operations hazard** does not include **bodily injury** or **property damage** arising out of:

1.  the transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by the **Insured Entity**, and that condition was created by the **loading or unloading** of that vehicle by any **Insured**; or

2.  the existence of tools, uninstalled equipment or abandoned or unused materials.

<u>**PROPERTY DAMAGE**</u>

**Property damage** means physical injury to:

A.  tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

B.  loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **occurrence** that caused it.

However, **electronic data** is not tangible property.

<u>**RELATED ACTS, ERRORS OR OMISSIONS**</u>

**Related acts, errors or omissions** means

A.  with respect to the **Professional Liability Coverage Part**, all acts, errors or omissions in the rendering of **professional services** that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision; or

B.  with respect to the **Employee Benefits Liability Coverage Part**, all acts, errors or omissions negligently committed in the **administration** of the **Insured Entity's employee benefits program** that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

<u>**RELATED CLAIM**</u>

**Related claim** means:

A.  with respect to the **Professional Liability Coverage Part**, all **claims** arising out of a single act, error or omission or arising out of **related acts, errors or omissions** in the rendering of **professional services**;

B.  with respect to the **General Liability Coverage Part**,

    1.  **Bodily Injury and Property Damage Liability Coverage**, all **claims** arising out of the same **occurrence** or arising out of **related occurrences**;

    2.  **Personal and Advertising Injury Liability Coverage**, all **claims** arising out of the same offense or arising out of **related offenses**;

C.  with respect to the **Employee Benefits Liability Coverage Part**, all **claims** arising out of a single act, error or omission or arising out of **related acts, errors or omissions** negligently committed in the **administration** of the **Insured Entity's employee benefits program**.

Form No: CNA71818XX (01-2016)
Glossary Page: 15 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 30 of 85

© Copyright CNA All Rights Reserved.

aver000693



**Healthcare Primary**
Glossary

## RELATED OCCURRENCES

**Related occurrences** means all **occurrences** giving rise to **bodily injury** or **property damage** that are logically or causally connected by any common fact, circumstance, situation, transaction or event.

## RELATED OFFENSES

**Related offenses** means all offenses giving rise to **personal and advertising injury** that are logically or causally connected by any common fact, circumstance, situation, transaction or event.

## SILICA

**Silica** means the chemical compound silicon dioxide (SiO2) in any form, including dust which contains silicon dioxide.

## SPENT FUEL

**Spent fuel** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor**.

## SUBSIDIARY

**Subsidiary** means any entity in which the **Named Insured** has **management control**:

**A.**  on the effective date of this policy; or

**B.**  after the effective date of this policy by reason of being created or acquired by an **Insured Entity** after such date, if and to the extent coverage with respect to the entity is afforded pursuant to the section entitled **NEW AND EXISTING SUBSIDIARIES/CESSATION OF SUBSIDIARY STATUS** of the **COMMON TERMS AND CONDITIONS**.

## TEMPORARY WORKER

**Temporary worker** means a worker who is furnished to the **Insured Entity** to substitute for a permanent **employee** on leave or to meet seasonal or short-term workload conditions.

Form No: CNA71818XX (01-2016)
Glossary Page: 16 of 16
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 31 of 85

© Copyright CNA All Rights Reserved.

aver000694



**Healthcare Primary**
Coverage Part Declarations

## PROFESSIONAL LIABILITY COVERAGE PART DECLARATIONS



### Named Insured and Mailing Address

**Named Insured:**
Averhealth Holdings, LLC

**Mailing Address:**
1700 BAYBERRY CT STE 105
RICHMOND, VA 23226-3791



### Policy Period

Effective date from **05/01/2020** to **05/01/2021** at 12:01 A.M. Standard Time at the **First Named Insured's** mailing address shown above.

### Limits of Insurance

**Professional Liability**

| | |
|---|---|
| Each **Claim** | $1,000,000 |
| Aggregate Limit | $3,000,000 |



### Retroactive Date

| | |
|---|---|
| Professional Liability: | 12/07/2010 |

Form No: CNA71871XX (01-2016)
Coverage Part Declarations Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 32 of 85

© Copyright CNA All Rights Reserved.

aver000695





| PROFESSIONAL LIABILITY COVERAGE PART - CLAIMS MADE |
|---|

THIS POLICY PROVIDES COVERAGE FOR THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD AND REPORTED TO THE INSURER DURING THE COVERAGE RELATIONSHIP OR ANY APPLICABLE EXTENDED REPORTING PERIOD AND IN ACCORDANCE WITH THE SECTION ENTITLED NOTICE OF CLAIMS AND POTENTIAL CLAIMS OF THE COMMON CONDITIONS.

## COVERAGE

The Insurer will pay all amounts up to the Insurer's Limit of Insurance which the **Insured** becomes legally obligated to pay as **damages** as a result of a **claim** arising out of an act, error or omission in the rendering of **professional services** provided that:

**A.** such **claim** is first made against the **Insured** during the **policy period**, or during the **extended reporting period**, if applicable, and is reported to the Insurer in accordance with the section entitled **NOTICE OF CLAIMS AND POTENTIAL CLAIMS** of the **COMMON TERMS AND CONDITIONS**;

**B.** such act, error or omission happened on or after the retroactive date shown in the Declarations; and

**C.** prior to the effective date of the **coverage relationship**:

    **1.** no **authorized insured** knew or should have known of a **claim** or a **potential claim**; or

    **2.** no **Insured** had given notice to a prior insurer of any **related claim**.

The Insurer will pay all **defense costs** in connection with a covered **claim**. Such **defense costs** are in addition to the limits of insurance.

## DEFENSE

**A. Duty to Defend**

The Insurer has the right and duty to defend in the **Insured's** name and on the **Insured's** behalf any covered **claim** even if any of the allegations of such **claim** are groundless, false or fraudulent. The Insurer shall have the right to appoint counsel and to make such investigation, defense and settlement of a **claim** as is deemed necessary by the Insurer. If a **claim** is subject to an **arbitration proceeding** or mediation, the Insurer shall be entitled to exercise all of the **Insured's** rights in the choice of arbitrators or mediators and in the conduct of an **arbitration proceeding** or mediation proceeding involving such **claim**.

**B. Exhaustion of Limits**

The Insurer is not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **claim** after the applicable limit of the Insurer's liability has been exhausted by payment of **damages**. In such case, the Insurer shall have the right to withdraw from the further investigation, defense, payment or settlement of such **claim** by tendering control of said investigation, defense or settlement of the **claim** to the **Insured**.

## EXCLUSIONS

The **coverage part** does not apply to:

**A. Contractual Liability**

any **claim** based on or arising out of:

    **1.** the **Insured's** actual or alleged liability under any oral or written contract or agreement, including but not limited to express warranties or guarantees; or

Form No: CNA71820XX (01-2016)
Coverage Part Page: 1 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 33 of 85

© Copyright CNA All Rights Reserved.

aver000696



**Healthcare Primary**
Coverage Part

2. the liability of others assumed by an **Insured** under any oral or written contract or agreement,

except that coverage otherwise available to an **Insured** shall apply to such **Insured's** liability that exists in the absence of such contract or agreement.

**B. Criminal Acts or Conduct**

any **claim** based on or arising out of any actual or alleged criminal act or omission committed by or at the direction of any **Insured** except that this exclusion does not apply to the extent liability is imposed upon the **Insured** for acts or omissions of another committed without the knowledge or consent of the **Insured**. The Insurer shall provide the **Insured** with a defense of such **claim** unless or until the criminal act or omission upon which the **claim** is based has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive the Insurer's rights under this policy. In addition, any agreement of the Insurer to provide such defense does not apply to a **Medicare/Medicaid Claim** or to any **claim** under workers compensation or other similar law, whether or not any such **claim** is premised on allegations of criminal acts or conduct.

There is no coverage under this policy for, and the Insurer will not defend any criminal complaint or proceeding regardless of the allegations made against any **Insured**.

**C. Discrimination**

any **claim** based on or arising out of any actual or alleged discrimination, humiliation or harassment, that includes but shall not be limited to **claims** based on an individual's race, creed, color, age, gender, national origin, religion, disability, marital status or sexual orientation. The Insurer shall provide the **Insured** with a defense of such **claim** unless or until such act or omission has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive the Insurer's rights under this policy.

**D. Dishonest Acts/Capacity Claims/Wrongful Employment Practices and Pollution**

Solely with respect to **administrative services,** any **claim** based upon or arising out of any actual or alleged:

1. dishonest, fraudulent, or malicious act or omission, commingling, misappropriation or misuse of funds, or intentional wrongdoing, including the intentional misappropriation of intellectual property, by an **Insured** if a final judgment, ruling or other finding of fact in any proceeding establishes that such act, omission, commingling, misappropriation, misuse or intentional wrongdoing was committed;

2. act, error or omission by an **Insured** in its capacity as, or solely by reason of its status as an **executive officer** of an **Insured Entity**; or

3. wrongful employment practice other than any **claim** based upon or arising out of services as a member of a **formal review board**;

4. pollutants.

**E. Employee claims**

any **claim** based on or arising out of:

1. any actual or alleged **bodily injury** to the **Insured Entity's employees** during the course of their employment by the **Insured Entity**; or

2. any actual or alleged injury to the spouse, **domestic partner**, child, parent, brother or sister of that **employee** as a consequence of paragraph **1.** above.

Form No: CNA71820XX (01-2016)
Coverage Part Page: 2 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 34 of 85

© Copyright CNA All Rights Reserved.

aver000697



This exclusion applies:

**a.** whether the **Insured Entity** may be liable as an employer or in any other capacity; and

**b.** to any obligation to share **damages** with or repay someone else who must pay **damages** because of the injury.

**F. Medicare or Medicaid**

any **Medicare/Medicaid Claim**.

**G. Property Damage**

any **claim** based on or arising out of actual or alleged **property damage**.

**H. Workers Compensation and Similar Laws**

any **claim** based on or arising out of any actual or alleged obligation of any **Insured** under workers' compensation, disability benefits or unemployment compensation law or any similar law.

<u>**LIMITS OF INSURANCE**</u>

**A.** Limit of Insurance – Each **Claim**

Subject to paragraph **B.** below, the Insurer's limit of insurance for **damages** for each covered **claim** shall not exceed the amount stated in the Declarations as "Professional Liability - Each **Claim**".

**B.** Limit of Insurance - all **claims** in the Aggregate

The Insurer's Limit of Insurance for **damages** for all covered **claims** shall not exceed the amount stated in the Declarations as "Professional Liability – all **claims** in the Aggregate".

**C. Related Claims**

All **related claims**, whenever made, shall be considered a single **claim** first made during the **policy period** in which the earliest **claim** was first made.

**D.** Multiple **Insureds**, **claims**, and claimants

The Limits of Insurance shown in the Declarations and subject to the provisions of this policy, is the most the Insurer will pay as **damages** regardless of the number of **Insureds**, **claims** made and reported or persons or entities making **claims**.

The Limits of Insurance of this **coverage part** apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the **policy period** shown in the Declarations, unless the **policy period** is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

<u>**SUBPOENA ASSISTANCE**</u>

If during the **policy period**, an **Insured** receives a subpoena for documents or testimony arising out of **professional services** (which services were rendered by an **Insured** on or after the retroactive date), and the **Insured** would like the Insurer's assistance in responding to the subpoena, the **Insured** may provide the Insurer with a copy of the subpoena.  In such case, the Insurer will retain an attorney to provide advice regarding the production of documents, prepare the **Insured** for sworn testimony, and represent the **Insured** at  deposition, court hearing or proceeding provided that:

Form No: CNA71820XX (01-2016)
Coverage Part Page: 3 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 35 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Coverage Part

**A.** the subpoena arises out of a lawsuit to which the **Insured** is not a party; and

**B.** the **Insured** has not been engaged for compensation to provide advice or testimony in connection with the subject proceeding, nor has the **Insured** provided such advice or testimony in the past.

Any notice the **Insured** gives the Insurer of such subpoena shall be deemed notification of a **potential claim** under the section entitled **NOTICE OF CLAIMS AND POTENTIAL CLAIMS** of the **COMMON TERMS AND CONDITIONS**. Any costs incurred by the Insurer pursuant to the terms of this paragraph shall be in addition to the Limits of Insurance.

Form No: CNA71820XX (01-2016)
Coverage Part Page: 4 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 36 of 85

© Copyright CNA All Rights Reserved.

aver000699



**Healthcare Primary**
Coverage Part Endorsement

## HIPAA PROCEEDINGS SUPPLEMENTARY PAYMENTS ENDORSEMENT



It is understood and agreed as follows:

I.   The Declarations is amended to add the following:

    **HIPAA Proceedings** Aggregate limit of insurance: $10,000

    **HIPAA Proceedings** Deductible per **HIPAA Proceeding**: $0

II.  The **Professional Liability Coverage Part** is amended to add the following:

    A.  **HIPAA Proceedings Supplementary Payment**

        Subject to the **HIPAA Proceedings** Deductible in the amount set forth in paragraph 1. above, if any scheduled, the Insurer will pay all amounts up to the **HIPAA Proceeding** Aggregate Limit of Insurance set forth in paragraph 1. above for each **HIPAA Proceeding** and for all **HIPAA Proceedings** in the Aggregate regardless of the number of **Insureds** or the number of such **HIPAA Proceedings** for the following:

        1.  attorney's fees and other reasonable costs, expenses or fees resulting from the investigation or defense of a **HIPAA Proceeding**; and

        2.  any amounts which the **Insured** becomes legally obligated to pay as a civil penalty or violation for its failure to comply with **HIPAA**, or any rules or regulations thereunder, but solely to the extent that such civil violation or penalty is related to a **HIPAA Proceeding**. As used herein **HIPAA** means the Health Insurance Portability and Accountability Act, any rules or regulations promulgated thereunder, or any amendment thereto.

    Any payments made by the Insurer pursuant to this endorsement shall be in addition to the limits of insurance.

III. The **COMMON TERMS AND CONDITIONS** is amended to add the following:

    •   A **HIPAA Proceeding** will be deemed first commenced when any **authorized insured** first receives notice of the **HIPAA Proceeding** whether an investigation, complaint, proceeding, hearing or other, made or brought against an **Insured.**

    •   The coverage provided by this endorsement shall be specifically excess of any other insurance policy, available to the **Insured Entity** with respect to a **HIPAA Proceeding.**

IV.  The **GLOSSARY OF DEFINED TERMS** is amended to add the following terms:

    **HIPAA Proceeding** means an administrative proceeding, including a complaint, investigation, or hearing instituted against the **Insured** by the Department of Health and Human Services or its designee alleging a violation of responsibilities or duties imposed upon the **Insured** under **HIPAA** with respect to the management and disclosure of confidential and private health information, but solely to the extent that such proceeding:

    A.  is first commenced during the **policy period** and is reported to the Insurer within 30 days of the **Insured's** receipt of such notice, and

    B.  is based upon or arises out of **professional services** rendered by or on behalf of the **Insured Entity** on or after the Retroactive Date;

    and provided that:

---

Form No: CNA71884XX (01-2016)
Endorsement Effective Date:           Endorsement Expiration Date:
Endorsement No: 1; Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 37 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Coverage Part Endorsement

C.  prior to the effective date of the **coverage relationship**:

    **1.**  no **authorized insured** knew or should have known of such **HIPAA Proceeding** or a **potential HIPAA Proceeding**;

    **2.**  no **Insured** had given notice to a prior Insurer of any **related HIPAA Proceeding**.

**Potential HIPAA Proceeding** means an act, error or omission in the rendering of **professional services** with respect to the **Insured's** obligations under **HIPAA** that any **authorized insured** has reason to believe would give rise to a **HIPAA Proceeding**.

**Related HIPAA Proceedings** means **HIPAA Proceedings** arising out of a single act, error or omission or arising out of **related acts, errors or omissions** in the rendering of **professional  services** with respect to the **Insured's** obligations under **HIPAA**.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

| | |
|---|---|
| Form No: CNA71884XX (01-2016) | Policy No: HMA 4032149325 |
| Endorsement Effective Date:    Endorsement Expiration Date: | Policy Effective Date: 05/01/2020 |
| Endorsement No: 1; Page: 2 of 2 | Policy Page: 38 of 85 |
| Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606 | |

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Coverage Part Endorsement



## MEDIA EXPENSES SUPPLEMENTARY PAYMENTS ENDORSEMENT

It is understood and agreed that:

**I.** The following Limit of Insurance and deductible are added:

**Media Expense** Aggregate Limit of Insurance: $25,000

**Media Expense** deductible per **adverse event**: $0

**II.** The **Professional Liability Claims Made Coverage Part**, is amended to add the following:

**Media Expenses Supplementary Payment**

A. **Media Expenses Supplementary Payment**

Subject to the **Media Expense** deductible in the amount set forth in paragraph I. above, if any scheduled, the Insurer will pay **media expenses** incurred as a result of an **adverse event,** up to the **Media Expense** Aggregate Limit of Insurance set forth in paragraph I. above for all **Media Expenses** in the Aggregate, regardless of the number of **Insureds** or the number of **adverse events** provided that:

1. such **adverse event** first occurs during the **policy period** and is reported to the Insurer within 60 days of the **Insured's** receipt of notice of such **adverse event**;

2. such act, error or omission that is the subject of the **adverse event** happened on or after the Retroactive Date shown in the Declarations; and

3. prior to the effective date of the **coverage relationship**:

   a. no **authorized insured** knew or should have known of such **adverse event** or a **potential adverse event**;

   b. no **Insured** had given notice to a prior insurer of any **related adverse events**;

4. all **media expenses** are incurred within six (6) months following the **authorized insured's** discovery of such **adverse event**.

Any **media expenses** incurred by the Insurer pursuant to this endorsement shall be in addition to the Limits of Insurance.

**III.** The **COMMON TERMS AND CONDITIONS** is amended to add the following:

- **An adverse event** will be deemed to have first occurred at the earliest of the following times when any **authorized insured** first receives notice of negative media attention arising out of a **claim,** criminal investigation, complaint, indictment, administrative proceeding or investigation made or brought against an **Insured**.

- The coverage provided by this endorsement shall be specifically excess of any other insurance policy available to the **Insured Entity** with respect to an **adverse event**.

**IV.** The **GLOSSARY OF DEFINED TERMS** is amended to add the following terms:

**Adverse event** means negative media attention arising out of a **claim,** criminal investigation, complaint, indictment, administrative proceeding or investigation made or brought against an **Insured** related to or arising out of the rendering of **professional services**.

Form No: CNA71887XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 2; Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 39 of 85

© Copyright CNA All Rights Reserved.

aver000702



**Healthcare Primary**
Coverage Part Endorsement

**Media expenses** means the reasonable and necessary charges and fees incurred by the **Insured Entity** and consented to by the Insurer to address or manage an **adverse event** including fees of third party legal or public relations consultants with regard to addressing adverse publicity or media attention, including preparation of statements, press releases, and interviews but solely to the extent that such consultants are specifically retained or hired by the **Insured Entity** to manage or address the **adverse event**. **Media expenses** shall not include:

A. any amounts incurred with respect to an **Insured's** defense against a criminal investigation, complaint or indictment, or with respect to your defense of any civil complaint or **claim** or administrative proceeding, investigation or complaint, including any alleged violation of the Health Insurance Portability and Accountability Act, **HIPAA**, or other patient privacy laws, statutes, or regulations;

B. any **damages**, fines, violations or penalties an **Insured** is legally obligated to pay as a result of an **adverse event**;

C. compensation, fees, benefits, overhead, charges or expenses of any **Insured**;

D. any **defense costs**, expense or supplementary payments, including attorney's fees which are covered pursuant to any other provision of this policy, including attorney's fees of defense counsel retained to defend you in any **claim**.

**Potential adverse event** means an act, error or omission in the rendering of **professional services** that any **authorized insured** has reason to believe would give rise to an **adverse event**.

**Related adverse events** means **adverse events** arising out of a single act, error or omission or arising out of **related acts, errors or omissions** in the rendering of **professional services**.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA71887XX (01-2016)
Endorsement Effective Date:              Endorsement Expiration Date:
Endorsement No: 2; Page: 2 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 40 of 85

© Copyright CNA All Rights Reserved.

aver000703



**Healthcare Primary**
Coverage Part Endorsement

| DISCIPLINARY PROCEEDINGS SUPPLEMENTARY PAYMENTS ENDORSEMENT |
| --- |

It is understood and agreed as follows:

**I.**   The following Limit of Insurance is added:

**Disciplinary Proceedings Costs** Aggregate Limit of Insurance: $10,000

**Disciplinary Proceedings Costs** deductible per **disciplinary proceeding**: $0

**II.**   The **Professional Liability Claims Made Coverage Part**, the section entitled **COVERAGES** is amended to add the following coverage:

•   **Disciplinary Proceedings**

Subject to the **Disciplinary Proceedings Costs** deductible in the amount set forth in paragraph **I.** above, if any scheduled, the Insurer will pay **disciplinary proceeding costs** incurred as a result of a **disciplinary proceeding** up to the **Disciplinary Proceedings Costs** Aggregate Limit of Insurance set forth in paragraph **I.** above for all **disciplinary proceeding costs** in the Aggregate, regardless of the number of **Insureds** or the number of such **disciplinary proceedings**, provided that:

1.   such **disciplinary proceeding** is first commenced against the **Insured** during the **policy period** and is reported to the Insurer within 30 days of the **Insured's** receipt of notice of such **disciplinary proceeding**;

2.   any act, error or omission that is the subject of the **disciplinary proceeding** happened on or after the retroactive date shown in the Declarations; and

3.   prior to the effective date of the **coverage relationship**:

a.   no **authorized insured** knew or should have known of a **disciplinary proceeding** or a **potential disciplinary proceeding**;

b.   no **Insured** had given notice to a prior insurer of any **related disciplinary proceeding**;

4.   the **Named Insured** consents to the coverage provided by this endorsement for the **Insured** who is the subject of such **disciplinary proceeding**.

Any **disciplinary proceedings costs** incurred by the Insurer pursuant to this endorsement shall be in addition to the Limits of Insurance.

**III.**   The **COMMON TERMS AND CONDITIONS** is amended to add the following:

A **disciplinary proceeding** will be deemed first commenced at the earliest of the following times when any **authorized insured** first receives notice of the **disciplinary proceeding**.

**IV.**   The **GLOSSARY OF DEFINED TERMS** is amended to add the following terms:

**Disciplinary proceedings costs** means attorney fees charged by an attorney selected by the Insurer and for other reasonable costs, expenses or fees paid to third parties incurred as a result of **disciplinary proceeding**.

**Disciplinary proceeding** means any pending matter, including an initial inquiry, before a state or federal licensing board to investigate charges alleging a violation of any rule of professional conduct in the performance of **professional services**. **Disciplinary proceeding** does not include any complaint or proceeding instituted against an **Insured** by the Department of Health and Human Services or its designee relative to a failure to comply with the Health Insurance Portability and Accountability Act, **HIPAA**.

Form No: CNA71890XX (01-2016)
Endorsement Effective Date:                Endorsement Expiration Date:
Endorsement No 3; Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 41 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Coverage Part Endorsement

**Potential disciplinary proceeding** means an act, error or omission in the rendering of **professional services** that any **authorized insured** has reason to believe would give rise to a **disciplinary proceeding**.

**Related disciplinary proceedings** means **disciplinary proceedings** arising out of a single act, error or omission or arising out of **related acts, errors or omissions** in the rendering of **professional services**.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA71890XX (01-2016)
Endorsement Effective Date:                        Endorsement Expiration Date:
Endorsement No: 3; Page: 2 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 42 of 85

© Copyright CNA All Rights Reserved.

aver000705



**Healthcare Primary**
Coverage Part Declarations



## GENERAL LIABILITY COVERAGE PART DECLARATIONS

### Named Insured and Mailing Address

**Named Insured:**
Averhealth Holdings, LLC

**Mailing Address:**
1700 BAYBERRY CT STE 105
RICHMOND, VA 23226-3791

### Policy Period

Effective date from **05/01/2020** to **05/01/2021** at 12:01 A.M. Standard Time at the **First Named Insured's** mailing address shown above.

### Limits of Insurance

**General Liability**

| | |
|---|---|
| Each **Occurrence** Limit | $1,000,000 |
| **Personal and Advertising Injury** Each Person or Organization Limit | $1,000,000 |
| Damage to Rented Premises Each Premises Limit | $250,000 |
| Medical Expense Each Person Limit | $5,000 |
| General Aggregate Limit | $3,000,000 |
| Products - Completed Operations Aggregate Limit | $3,000,000 |

### Retroactive Date

General Liability:                                                                    N/A



Form No: CNA71879XX (01-2016)
Coverage Part Declarations Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 43 of 85

© Copyright CNA All Rights Reserved.

aver000706





**Healthcare Primary**
Coverage Part

## COVERAGES

**A. Bodily Injury and Property Damage Liability Coverage**

The Insurer will pay those sums that the **Insured** becomes legally obligated to pay as **damages** because of **bodily injury** or **property damage** provided that:

**1.** the **bodily injury** or **property damage** is caused by an **occurrence**;

**2.** the **bodily injury** or **property damage** occurs during the **policy period**; and

**3.** prior to the effective date of the **policy period,** no **authorized insured** knew that such **bodily injury** or **property damage** had occurred, in whole or in part. If any **authorized insured** knew, prior to the **policy period**, that any **bodily injury** or **property damage** had occurred, then any continuation, change or resumption of such **bodily injury** or **property damage** during or after the **policy period** will be deemed to have been known prior to the **policy period**. An **authorized insured** will be deemed to know that such **bodily injury** or **property damage** occurred at the earliest time when any:

    **a.** **authorized insured** reports all, or any part, of such **bodily injury** or **property damage** to the Insurer or to any other insurer;

    **b.** **authorized insured** becomes aware by any other means that such **bodily injury** or **property damage** has occurred or has begun to occur; or

    **c.** **authorized insured** knew or should have known of a **claim** or **potential claim**.

**B. Personal and Advertising Injury Liability Coverage**

The Insurer will pay those sums that the **Insured** becomes legally obligated to pay as **damages** because of **personal and advertising injury** provided that:

**1.** the **personal and advertising injury** is caused by an offense arising out of the **Insured Entity's** business; and

**2.** the offense was first committed during the **policy period**. An offense shall be deemed first committed on the date of the first utterance or dissemination or, if there is no dissemination or utterance, on the first date of the activity giving rise to a **claim**.

**C. Medical Payments Coverage**

**1.** The Insurer will pay medical expenses as described below for **bodily injury** caused by an accident:

    **a.** on premises the **Insured Entity** owns or rents;

    **b.** on ways next to premises the **Insured Entity** owns or rents; or

    **c.** as a result of the **Insured Entity's** operations;

provided that:

    **i.** the accident takes place during the **policy period**;

    **ii.** the expenses are incurred and reported to the Insurer within one year of the date of the accident; and

    **iii.** the injured person submits to examination, at the Insurer's expense, by physicians of the Insurer's choice as often as the Insurer reasonably requires.

Form No: CNA71821XX (01-2016)
Coverage Part Page: 1 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 44 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Coverage Part

2. The Insurer will make these payments regardless of fault. These payments will not exceed the applicable Limit of Insurance. The Insurer will pay reasonable expenses for:

   a. first aid administered at the time of an accident;

   b  necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

   c. necessary ambulance, hospital, professional nursing and funeral services.

The Insurer will pay all **defense costs** in connection with a covered **claim**. Such **defense costs** are in addition to the Limits of Insurance.

## DEFENSE

**A. Duty to Defend**

The Insurer has the right and duty to defend in the **Insured's** name and on the **Insured's** behalf any covered **claim** even if any of the allegations of such **claim** are groundless, false or fraudulent.  The Insurer shall have the right to appoint counsel and to make such investigation, defense and settlement of a **claim** as is deemed necessary by the Insurer.  If a **claim** is subject to an **arbitration proceeding** or mediation, the Insurer shall be entitled to exercise all of the **Insured's** rights in the choice of arbitrators or mediators and in the conduct of an **arbitration proceeding** or mediation proceeding involving such **claim**.

**B. Exhaustion of Limits**

The Insurer is not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **claim** after the applicable limit of the Insurer's liability has been exhausted by payment of **damages**. In such case, the Insurer shall have the right to withdraw from the further investigation, defense, payment or settlement of such **claim** by tendering control of said investigation, defense or settlement of the **claim** to the **Insured**.

## EXCLUSIONS

**A. Exclusions Applicable Only to Bodily Injury and Property Damage Liability Coverage and Personal and Advertising Injury Liability Coverage**

This **coverage part** does not apply to:

1. **Asbestos**

   a. **bodily injury**, **property damage** or **personal and advertising injury** arising out of any actual, alleged or threatened exposure at any time to **asbestos**; or

   b. any loss, cost or expense that may be awarded or incurred:

      i.  by reason of a **claim** for any such injury or damage; or

      ii. in complying with a governmental direction or request to test for, monitor, clean up, remove, contain or dispose of **asbestos**.

2. **Distribution or Recording of Material or Information in Violation of Law**

   **bodily injury**, **property damage** or **personal and advertising injury** arising out of any actual or alleged violation of:

   a. the Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

   b. the CAN-SPAM Act of 2003, including any amendment of or addition to such law;

   c. the Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA);

---

Form No: CNA71821XX (01-2016)
Coverage Part Page: 2 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 45 of 85

© Copyright CNA All Rights Reserved.



**d.** any statute, ordinance, regulation or law other than the TCPA, CAN-SPAM Act of 2003, or FCRA, including FACTA, and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information; or

**e.** any statute, ordinance, regulation or law which prohibits or limits the conversion or consumption of another's tangible property or electronic assets. For the purpose of this provision, electronic assets include but are not limited to minute allowances, text message allowances, and other electronic consumables.

**3. Employment Related Practices**

**bodily injury** or **personal and advertising injury** to:

**a.** a person arising out of any actual or alleged:

  **i.** refusal to employ that person;

  **ii.** termination of that person's employment;

  **iii.** employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**b.** the spouse, **domestic partner**, child, parent, brother or sister of that person as a consequence of such **bodily injury** or **personal and advertising injury** to that person at whom any of the employment-related practices described in paragraphs **a. i.**, **ii.**, or **iii.** above is directed.

This exclusion applies:

**(a)** whether the **Insured** may be liable as an employer or in any other capacity; and

**(b)** to any obligation to share damages with or repay someone else who must pay damages because of the injury.

**4. Fungi and Microbes**

**a.** **bodily injury**, **property damage** or **personal and advertising injury** arising out of any actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**;

**b.** any loss, cost or expense arising out of or relating to the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of **fungi** or **microbes** by any **Insured** or by anyone else; or

**c.** **property damage** caused by water where there also exists any **property damage** arising out of or relating to, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**.

This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to such injury or damage, loss, cost or expense.

This exclusion does not apply where the **Insured Entity's** business includes food processing, sales, or serving, and the **bodily injury** is caused solely by food poisoning in connection with such processing, sales, or serving.

**5. Professional Services**

**bodily injury**, **property damage** or **personal and advertising injury** arising out of any actual or alleged act, error or omission with respect to **professional services** rendered by, or that should have been rendered by:

Form No: CNA71821XX (01-2016)
Coverage Part Page: 3 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 46 of 85

© Copyright CNA All Rights Reserved.

aver000709



**Healthcare Primary**
Coverage Part

    **a.** an **Insured**; or

    **b.** any person or organization:

        **i.** for whose acts, errors or omissions an **Insured** is legally responsible; or

        **ii.** from whom an **Insured** assumed liability by reason of a contract or agreement;

**6. Respirable Dust and Silica**

    **a.** **bodily injury, property damage** or **personal and advertising injury** based on or arising out of the actual, alleged or threatened respiration, ingestion or presence of or exposure at any time to respirable dust or **silica;** or

    **b.** any loss, cost or expense that may be awarded or incurred:

        **1.** by reason of a **claim** for any such injury or damage; or

        **2.** in complying with a governmental direction or request to test for, monitor, clean up, remove, contain or dispose of respirable dust or **silica.**

**7. War**

**bodily injury**, **property damage** or **personal and advertising injury** however caused, arising, directly or indirectly, out of:

    **a.** war, including undeclared or civil war;

    **b.** warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    **c.** insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in response to any of these.

However, this exclusion does not apply to damage by fire to premises while rented to the **Insured Entity** or temporarily occupied by the **Insured Entity** with permission of the owner.

**B. Exclusions Applicable Only to Bodily Injury and Property Damage Liability Coverage**

This **coverage part** does not apply to:

**1. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

**damages** arising out of:

    **a.** any actual or alleged access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

    **b.** the actual or alleged loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate **electronic data**.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by the Insured or others arising out of that which is described in paragraph **a.** or **b.** above. However, unless paragraph **a.** above applies, this exclusion does not apply to **damages** because of **bodily injury.**

**2. Aircraft, Auto or Watercraft**

**bodily injury** or **property damage** arising out of any actual or alleged ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft owned or operated by or rented or loaned to any **Insured**. Use includes operation and **loading or unloading.**

Form No: CNA71821XX (01-2016)
Coverage Part Page: 4 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 47 of 85

© Copyright CNA All Rights Reserved.

aver000710



This exclusion applies even if the **claims** against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured**, if the **occurrence** which caused the **bodily injury** or **property damage** involved the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft that is owned or operated by or rented or loaned to any **Insured**.

This exclusion does not apply to:

a.  watercraft while ashore on premises the **Insured Entity** owns or rents;

b.  watercraft the **Insured Entity** does not own that is:

    i.  less than 26 feet long; and

    ii.  not being used to carry persons or property for a charge;

c.  parking an **auto** on, or on the ways next to, premises the **Insured Entity** owns or rents, provided the **auto** is not owned by or rented or loaned to any **Insured**;

d.  liability assumed under any **insured contract** for the ownership, maintenance or use of aircraft or watercraft; or

e.  **bodily injury** or **property damage** arising out of:

    i.  the operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of **mobile equipment** if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

    ii.  the operation of any of the machinery or equipment listed in paragraph **F. 2.** (Cherry Pickers etcetera) or **F. 3.** (air compressors etcetera) of the definition of **mobile equipment**.

**3.  Contractual Liability**

**bodily injury** or **property damage** for which the **Insured** is obligated to pay **damages** by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for **damages**:

a.  that the **Insured** would have in the absence of the contract or agreement; or

b.  assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an **insured contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an **Insured** are deemed to be **damages** because of **bodily injury** or **property damage**, provided:

    i.  liability to such party for, or for the cost of, that party's defense has also been assumed in the same **insured contract**; and

    ii.  such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which **damages** to which this insurance applies are alleged.

**4.  Damage to Impaired Property or Property Not Physically Injured**

**property damage** to **impaired property** or property that has not been physically injured, arising out of any actual or alleged:

a.  defect, deficiency, inadequacy or dangerous condition in **insured product** or **insured work**; or

b.  delay or failure by the **Insured Entity** or anyone acting on the **Insured Entity's** behalf to perform a contract or agreement in accordance with its terms.

Form No: CNA71821XX (01-2016)
Coverage Part Page: 5 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 48 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Coverage Part

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **insured product** or **insured work** after it has been put to its intended use.

5. **Damage to Insured Product**

    **property damage** to **insured product** arising out of it or any part of it.

6. **Damage to Insured Work**

    **property damage** to **insured work** arising out of it or any part of it and included in the **products-completed operations hazard**. This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on the **Insured Entity's** behalf by a subcontractor.

7. **Damage to Property the Insured Entity Owns or in its Care, Custody or Control**

    **Property damage** to:

    a.  property the **Insured Entity** owns, rents, or occupies, including any costs or expenses incurred by the **Insured Entity**, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    b.  premises the **Insured Entity** sells, gives away or abandons, if the **property damage** arises out of any part of those premises;

    c.  property loaned to the **Insured Entity**;

    d.  personal property in the care, custody or control of the **Insured**;

    e.  that particular part of real property on which the **Insured Entity** or any contractors or subcontractors working directly or indirectly on the **Insured Entity**'s behalf are performing operations, if the **property damage** arises out of those operations; or

    f.  that particular part of any property that must be restored, repaired or replaced because **insured work** was incorrectly performed on it.

Paragraphs **a.**, **b.**, and **c.** of this exclusion do not apply to **property damage** (other than damage by fire) to premises, including the contents of such premises, rented to the **Insured Entity** for a period of 7 or fewer consecutive days. A separate Limit of Insurance applies to Damage To Premises Rented To The **Insured Entity** as described in the section entitled **Limits of Insurance**.

Paragraph **b** of this exclusion does not apply if the premises are **insured work** and were never occupied, rented or held for rental by the **Insured Entity**.

Paragraphs **c.**, **d.**, **e.**, and **f.** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **f.** of this exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

8. **Employer's Liability**

    **bodily injury** to:

    a.  an **employee** (other than an **employee** who is a volunteer) of the **Insured** arising out of and in the course of:

        i.   employment by the **Insured**;

        ii.  performing duties related to the conduct of the **Insured** business; or

    b.  the spouse, **domestic partner**, child, parent, brother or sister of that **employee** as a consequence of Paragraph **a.** above.

---

Form No: CNA71821XX (01-2016)
Coverage Part Page: 6 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 49 of 85

© Copyright CNA All Rights Reserved.

aver000712



**Healthcare Primary**
Coverage Part

This exclusion:

**(a)** applies whether the **Insured** may be liable as an employer or in any other capacity; and to any obligation to share **damages** with or repay someone else who must pay **damages** because of the injury;

**(b)** does not apply to liability assumed by the **Insured** under an **insured contract**.

**9. Expected or Intended Injury**

**bodily injury** or **property damage** expected or intended from the standpoint of the **Insured**. This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

**10. Liquor Liability**

**bodily injury** or **property damage** for which any **Insured** may be held liable by reason of:

**a.** causing or contributing to the intoxication of any person;

**b.** the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**c.** any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if the **Insured Entity** is in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages;

**11. Mobile Equipment**

**bodily injury** or **property damage** arising out of any actual or alleged:

**a.** transportation of **mobile equipment** by an **auto** owned or operated by or rented or loaned to any **Insured**; or

**b.** use of **mobile equipment** in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**12. Nuclear Energy Liability**

**bodily injury** or **property damage** including all forms of radioactive contamination of property:

**a.** with respect to which an **Insured** under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its Limit of Insurance;

**b.** resulting from the **hazardous properties** of **nuclear material** and with respect to which:

   **i.** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or

   **ii.** the **Insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization; or

**c.** resulting from **hazardous properties** of **nuclear material**, if:

   **i.** the **nuclear material**:

      **(a)** is at any **nuclear facility** owned by, or operated by or on behalf of, an **Insured** or

      **(b)** has been discharged or dispersed therefrom;

Form No: CNA71821XX (01-2016)
Coverage Part Page: 7 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 50 of 85

© Copyright CNA All Rights Reserved.

aver000713



    ii.   the **nuclear material** is contained in **spent fuel** or **nuclear waste** at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an **Insured**; or

    iii.  the **bodily injury** or **property damage** arises out of the furnishing by an **Insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility**, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion applies only to **property damage** to such **nuclear facility** and any property thereat.

As used in this exclusion, **property damage** includes all forms of radioactive contamination of property.

**13. Personal and Advertising Injury**

**bodily injury** arising out of **personal and advertising injury**.

**14. Pollution**

  **a.**  **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants**:

    i.   at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any **Insured**. However, this subparagraph does not apply to:

       **(a)**  **bodily injury** if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

       **(b)**  **bodily injury** or **property damage** for which an additional insured may be held liable if such additional insured is a contractor and the owner or lessee of such premises, site or location and has been added to the **Insured Entity's** policy as an additional insured with respect to the **Insured Entity's** ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not or never was owned or occupied by, or rented or loaned to, any **Insured**, other than that additional insured; or

       **(c)**  **bodily injury** or **property damage** arising out of heat, smoke or fumes from a **hostile fire**;

    ii.  at or from any premises, site or location which is or was at any time used by or for any **Insured** or others for the handling, storage, disposal, processing or treatment of waste;

    iii.  which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

       **(a)**  any **Insured**; or

       **(b)**  any person or organization for whom the **Insured Entity** may be legally responsible; or

    iv.  at or from any premises, site or location on which any **Insured** or any contractors or subcontractors working directly or indirectly on any **Insured's** behalf are performing operations if the pollutants are brought on or to the premises, site or location in connection with such operations by such **Insured**, contractor or subcontractor. However, this subparagraph does not apply to:

       **(a)**  **bodily injury** or **property damage** arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of mobile equipment or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the **bodily injury** or **property damage** arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such **Insured**, contractor or subcontractor;

Form No: CNA71821XX (01-2016)
Coverage Part Page: 8 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 51 of 85

© Copyright CNA All Rights Reserved.

aver000714



**(b) bodily injury** or **property damage** sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by the **Insured Entity** or on the **Insured Entity's** behalf by a contractor or subcontractor; or

**(c) bodily injury** or **property damage** arising out of heat, smoke or fumes from a **hostile fire**.

v.  at or from any premises, site or location on which any **Insured** or any contractors or subcontractors working directly or indirectly on any **Insured**'s behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, **pollutants**.

b.  Any loss, cost or expense arising out of any actual or alleged:

i.  request, demand, order or statutory or regulatory requirement that any **Insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, **pollutants**; or

ii.  **claim** by or on behalf of a governmental authority for **damages** because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, **pollutants**.

However, this paragraph does not apply to liability for **damages** because of **property damage** that the **Insured** would have in the absence of such request, demand, order or statutory or regulatory requirement, or such **claim** by or on behalf of a governmental authority.

**15. Recall of Products, Work or Impaired Property**

**damages** claimed for any loss, cost or expense incurred by the **Insured Entity** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

a.  **insured product**;

b.  **insured work** or

c.  **impaired property**,

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. Workers' Compensation and Similar Laws**

any obligation of the **Insured** under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

The exclusions entitled: **Aircraft, Auto or Watercraft**; **Damage to Impaired Property or Property not Physically Injured**; **Damage to Property the Insured Entity Owns or in its Care, Custody or Control**; **Damage to Insured Product**; **Damage to Insured Work**; **Employer's Liability**; **Liquor Liability**; **Mobile Equipment**; **Pollution**; **Recall of Products, Work or Impaired Property**; and **Worker's Compensation and Similar Laws** do not apply to damage by fire to premises while rented to the **Insured Entity** or temporarily occupied by the **Insured Entity** with permission of the owner. A separate Limit of Insurance applies to this coverage as described in the section entitled **LIMITS OF INSURANCE**.

**C.  Exclusions Applicable Only to Personal and Advertising Injury Liability Coverage**

This **coverage part** does not apply to:

**1.  Access Or Disclosure Of Confidential Or Personal Information**

Form No: CNA71821XX (01-2016)
Coverage Part Page: 9 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 52 of 85

© Copyright CNA All Rights Reserved.

**aver000715**



**personal and advertising injury** arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information. This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by the **Insured** or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

2.  **Breach of Contract**

    **personal and advertising injury** arising out of any actual or alleged breach of contract, except an implied contract to use another's advertising idea in the **Insured Entity's advertisement**.

3.  **Contractual Liability**

    **personal and advertising injury** for which the **Insured** has assumed liability in a contract or agreement. This exclusion does not apply to liability for **damages** that the **Insured** would have in the absence of the contract or agreement.

4.  **Criminal Acts**

    **personal and advertising injury** arising out of any actual or alleged criminal act committed by or at the direction of the **Insured**.  The Insurer shall provide the **Insured** with a defense of such **claim** unless or until the criminal act or omission has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not.  Such defense will not waive the Insurer's rights under this policy. Criminal proceedings are not covered under this policy regardless of the allegations made against any **Insured**.

5.  **Electronic Chat Rooms or Bulletin Boards**

    **personal and advertising injury** arising out of an electronic chat room or bulletin board the **Insured** hosts, owns, or over which the **Insured** exercises control.

6.  **Infringement of Copyright, Patent, Trademark or Trade Secret**

    **personal and advertising injury** arising out of any actual or alleged infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in the **Insured Entity's advertisement**. However, this exclusion does not apply to infringement of copyright, trade dress or slogan in the **Insured Entity's advertisement**.

7.  **Insureds in Media and Internet Type Businesses**

    **personal and advertising injury** committed by an **Insured** whose business is:

    **a.**  advertising, broadcasting, publishing or telecasting;

    **b.**  designing or determining content or web-sites for others; or

    **c.**  an Internet search, access, content or service provider.

    However, this exclusion does not apply to paragraph **B.** of **personal and advertising injury** as set forth in the **GLOSSARY OF DEFINED TERMS**.

    For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for the **Insured Entity** or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

8.  **Knowing Violation of Rights of Another**

    **personal and advertising injury** caused by or at the direction of the **Insured** if the **Insured** knew or should have known that the act would cause **personal and advertising injury.**

Form No: CNA71821XX (01-2016)
Coverage Part Page: 10 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 53 of 85

© Copyright CNA All Rights Reserved.

aver000716



9. **Material Published with Knowledge of Falsity**

   **personal and advertising injury** arising out of actual or alleged oral or written publication of material, if the **Insured** knew or should have know the material was false.

10. **Pollution**

   **personal and advertising injury** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time.

11. **Pollution-Related**

   any loss, cost or expense arising out of any:

   **a.** request, demand or order that any **Insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, **pollutants**; or

   **b.** **claim** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, **pollutants**.

12. **Quality or Performance of Goods - Failure to Conform to Statements**

   **personal and advertising injury** arising out of any actual or alleged failure of goods, products or services to conform to any statement of quality or performance made in the **Insured Entity's advertisement**.

13. **Unauthorized Use of Another's Name or Product**

   **personal and advertising injury** arising out of  any actual or alleged unauthorized use of another's name or product in the **Insured Entity's** e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

14. **Wrong Description of Prices**

   **personal and advertising injury** arising out of any actual or alleged wrong description of the price of goods, products or services stated in the **Insured Entity's advertisement**.

D. **Exclusions Applicable Only to Medical Payments Coverage**

   The Insurer will not pay expenses for **bodily injury**:

   1. **Any Insured**

      to any **Insured**, except volunteers.

   2. **Athletics Activities**

      to a person injured while practicing, instructing or participating in any physical exercises or games, sports, or athletic contests. This exclusion does not apply to physical therapy unless such physical therapy is rendered in the course of **professional services**.

   3. **Coverage A Exclusions**

      excluded under Coverage **A**.

   4. **Hired Person**

      to a person hired to do work for or on behalf of any **Insured** or a tenant of any **Insured**.

   5. **Injury on Normally Occupied Premises**

      to a person injured on that part of premises the **Insured Entity** owns or rents that the person normally occupies.

Form No: CNA71821XX (01-2016)
Coverage Part Page: 11 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 54 of 85

© Copyright CNA All Rights Reserved.

**aver000717**



6. **Nuclear Energy Liability**

   **bodily injury** resulting from the **hazardous properties** of **nuclear materials** and arising out of the operation of a **nuclear facility** by any person or organization.

7. **Products-Completed Operations Hazard**

   included within the **products-completed operations hazard**.

8. **Workers Compensation and Similar Laws**

   to a person, whether or not an **employee** of any **Insured**, if benefits for the **bodily injury** are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

## LIMITS OF INSURANCE

**A.** Rules for the application of Limits

1. **Related Offenses**

   In determining the limit available for **damages** because of **personal and advertising Injury** to any one person or organization or in the aggregate, all **related offenses** shall be deemed to be one offense that was first committed on the date of the first utterance or dissemination or, if there is no dissemination or utterance, on the first date of the activity giving rise to a **claim**. As such, if an offense is first committed during the **policy period**, as set forth in the section entitled Coverages, paragraph **B. Personal and Advertising Injury**, subparagraph **2**. all **personal and advertising injury** arising out of such **offense** and all such **related offenses**, whenever committed, shall be subject to the Each Person or Organization and General Aggregate Limits of Insurance, set forth below, and any applicable retention or deductible, of the **policy period** in which such first offense was committed.

2. Multiple **Insureds**, **claims**, and claimants

   The limits of insurance shown in the Declarations and subject to the provisions of this policy, is the most the Insurer will pay as **damages** regardless of the number of **Insureds**, **claims** made and reported or persons or entities making **claims**.

**B. Each Occurrence Limit**

Subject to the General Aggregate Limit or the Products-Completed Operations Aggregate Limit, whichever applies, the Each **Occurrence** Limit is the most the Insurer will pay for the sum of:

1. **damages** under the section entitled **COVERAGES**, paragraph **A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**; and

2. medical expenses under the section entitled **COVERAGES**, paragraph **C. MEDICAL PAYMENTS**,

because of all **bodily injury** and **property damage** arising out of any one **occurrence** regardless of the number of **Insureds**, **claims** made or persons or entities making **claims**.

**C. Personal and Advertising Injury Each Person or Organization Limit**

Subject to the General Aggregate Limit, the Personal and Advertising Injury Limit is the most the Insurer will pay under the section entitled **COVERAGES**, paragraph **B. PERSONAL AND ADVERTISING INJURY LIABILITY** for the sum of all **damages** because of all **personal and advertising injury** sustained by any one person or organization.

**D. Damage to Rented Property Each Premises Limit.**

Subject to the Each **Occurrence** limit, the Damage To Rented Property Each Premises Limit is the most the Insurer will pay under the section entitled **COVERAGES**, paragraph **A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** for **damages** because of **property damage** to any one premises, while rented to the

---

Form No: CNA71821XX (01-2016)
Coverage Part Page: 12 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 55 of 85

© Copyright CNA All Rights Reserved.

aver000718





**Insured Entity**, or in the case of damage by fire, while rented to the **Insured Entity** or temporarily occupied by the **Insured Entity** with permission of the owner.

**E.   Medical Expense Each Person Limit**

Subject to the Each **Occurrence** limit, the Medical Expense Limit is the most the Insurer will pay under the section entitled **COVERAGES**, paragraph **C. MEDICAL PAYMENTS,** for all medical expenses because of **bodily injury** sustained by any one person.

**F.   General Aggregate Limit**

The General Aggregate Limit is the most the Insurer will pay for the sum of:

1.   medical expenses under the section entitled **COVERAGES**, paragraph **C. MEDICAL PAYMENTS**;

2.   **damages** under the section entitled **COVERAGES**, paragraph **A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, except **damages** because of **bodily injury** or **property damage** included in the **products-completed operations hazard**; and

3.   **damages** under the section entitled **COVERAGES**, paragraph **B. PERSONAL AND ADVERTISING INJURY LIABILITY**.

**G.   Products-Completed Operations Aggregate Limit**

The Products-Completed Operations Aggregate Limit is the most the Insurer will pay under the section entitled **COVERAGES**, paragraph **A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** for **damages** because of **bodily injury** and **property damage** included in the **products-completed operations hazard.**

The Limits of Insurance of this **coverage part** apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the **policy period** shown in the Declarations, unless the **policy period** is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

Form No: CNA71821XX (01-2016)
Coverage Part Page: 13 of 13
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 56 of 85

© Copyright CNA All Rights Reserved.

aver000719



**Healthcare Primary**
Coverage Part Endorsement

 **AMENDATORY STOP GAP LIABILITY COVERAGE ENDORSEMENT - OHIO**

It is understood and agreed that this endorsement amends the **STOP GAP LIABILITY COVERAGE ENDORSEMENT** to the **HEALTHCARE FACILITIES POLICY** as follows:

The **Expected or Intended Injury** exclusion applicable to **Coverage D Stop Gap Liability** is deleted and replaced by the following:

This **coverage part** does not apply to:

**Expected or Intended Injury**

**bodily injury** caused by employer acts committed with the deliberate intent to injure an **employee**, or committed with the belief that injury is substantially certain to occur. However, to the fullest extent allowed by Ohio law, this exclusion does not apply to **bodily injury** caused by employer acts that under Ohio law create a rebuttable presumption of intent to injure another.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

| | |
|---|---|
| Form No: CNA71836XX (01-2016) | Policy No: HMA 4032149325 |
| Endorsement Effective Date:          Endorsement Expiration Date: | Policy Effective Date: 05/01/2020 |
| Endorsement No: 4; Page: 1 of 1 | Policy Page: 57 of 85 |
| Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606 | |

© Copyright CNA All Rights Reserved.

aver000720



## PATIENT PERSONAL PROPERTY ENDORSEMENT

It is understood and agreed that the **General Liability Coverage Part** is amended as follows:

I.   The section entitled **EXCLUSIONS**, the paragraph entitled **Exclusions Applicable Only to Bodily Injury and Property Damage Liability Coverage**, the exclusion entitled **Damage to Property**, subparagraph **d.** is deleted in its entirety and replaced with the following:

   **d.**   personal property in the care, custody or control of the **Insured**, except that this exclusion does not apply to a **patient personal property claim**.

II.   Solely with respect to the coverage provided under this endorsement, the **GLOSSARY OF DEFINED TERMS** is amended as follows:

   A.   The following new definitions are added:

   **Patient personal property claim deductible** means the amount of the **Insured's** retained liability as set forth in paragraph III. of this endorsement, for all covered **claims** within the **Patient Personal Property Claim** Limit of Insurance.

   **Patient personal property claim** means a **claim** brought by or on behalf of a patient alleging that such patient's personal property in the care, custody or control of the **Insured**, is lost or stolen.

   B.   The definition of **professional services** is amended with the addition of the following:

   **Professional services** do not include the care or storage of patients' personal property or belongings by the **Insured**.

   C.   The definition of **occurrence** is amended with the addition of the following:

   **Occurrence** includes an event or incident of loss or theft of a patient's personal property in the care, custody or control of the **Insured**.

III.   Solely with respect to the coverage provided under this endorsement, the section entitled **LIMITS OF INSURANCE** is amended with the addition of the Limits of Insurance set forth below.

   The **Patient Personal Property Claim** Limit of Insurance is as follows:

   $5,000 **patient personal property claims** in the Aggregate Limit

   $250 **patient personal property claim deductible**

   Subject always to the General Aggregate Limit and the each **patient personal property claim deductible**, if any, the **Patient Personal Property Claim** Limit of Insurance is the most the Insurer will pay for the sum of all **patient personal property claims** otherwise covered by this policy. This Limit of Insurance shall apply regardless of the number of **Insureds**, **claims** made and reported or persons or entities making **claims**.

   The **Patient Personal Property Claim** Limit of Insurance is included within and is not in addition to the General Aggregate Limit set forth on the Declarations.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA71891XX (01-2016)
Endorsement Effective Date:          Endorsement Expiration Date:
Endorsement No: 5; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 58 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Coverage Part Declarations

## EMPLOYEE BENEFITS LIABILITY COVERAGE PART DECLARATION



### Named Insured and Mailing Address

**Named Insured:**
Averhealth Holdings, LLC

**Mailing Address:**
1700 BAYBERRY CT STE 105
RICHMOND, VA 23226-3791

### Policy Period

Effective date from **05/01/2020** to **05/01/2021** at 12:01 A.M. Standard Time at the **First Named Insured's** mailing address shown above.



### Limits of Insurance

**Employee Benefits Liability**

| | |
|---|---|
| Each **Employee** Limit | $1,000,000 |
| All **Claims** in the Aggregate Limit | $3,000,000 |
| Each **Employee** Deductible | $1,000 |

### Retroactive Date

| | |
|---|---|
| Employee Benefits Liability: | 05/01/2017 |

Form No: CNA71881XX (01-2016)
Coverage Part Declarations Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 59 of 85

© Copyright CNA All Rights Reserved.

aver000722



**Healthcare Primary**
Coverage Part



| EMPLOYEE BENEFITS LIABILITY COVERAGE PART |

**THIS POLICY PROVIDES COVERAGE FOR THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD AND REPORTED TO THE INSURER DURING THE COVERAGE RELATIONSHIP OR ANY APPLICABLE EXTENDED REPORTING PERIOD AND IN ACCORDANCE WITH THE SECTION ENTITLED, NOTICE OF CLAIMS AND POTENTIAL CLAIMS OF THE COMMON TERMS AND CONDITIONS**

## COVERAGE

The Insurer will pay all amounts up to the Insurer's Limit of Insurance which the **Insured** becomes legally obligated to pay as **damages** as a result of a **claim** arising out of an act, error or omission negligently committed in the **administration** of the **Insured Entity's employee benefit program** provided that:

**A.** such **claim** is first made against the **Insured** during the **policy period** and is reported to the Insurer in accordance with the section entitled **NOTICE OF CLAIMS AND POTENTIAL CLAIMS** of the **COMMON TERMS AND CONDITIONS**;

**B.** such act, error or omission happened on or after the Retroactive Date shown in the Declarations; and

**C.** prior to the effective date of the **coverage relationship**:

    **1.** no **authorized insured** knew or should have known of a **claim** or a **potential claim**; or

    **2.** no **Insured** had given notice to a prior insurer of any **related claim**.

The Insurer will pay all **defense costs** in connection with a covered **claim**. Such **defense costs** are in addition to the Limits of Insurance.

## DEFENSE

**A. Duty to Defend**

The Insurer has the right and duty to defend in the **Insured's** name and on the **Insured's** behalf any covered **claim** even if any of the allegations of such **claim** are groundless, false or fraudulent. The Insurer shall have the right to appoint counsel and to make such investigation, defense and settlement of a **claim** as is deemed necessary by the Insurer. If a **claim** is subject to an **arbitration proceeding** or mediation proceeding, the Insurer shall be entitled to exercise all of the **Insured's** rights in the choice of arbitrators or mediators and in the conduct of an **arbitration proceeding** or mediation proceeding involving such **claim**.

**B. Exhaustion of Limits**

The Insurer is not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **claim** after the applicable limit of the Insurer's liability has been exhausted by payment of **damages**. In such case, the Insurer shall have the right to withdraw from the further investigation, defense, payment or settlement of such **claim** by tendering control of said investigation, defense or settlement of the **claim** to the **Insured**.

## EXCLUSIONS

This **coverage part** does not apply to:

**A. Bodily Injury, Property Damage, or Personal and Advertising Injury**

any **claim** based on or arising out of any actual or alleged **bodily injury**, **property damage** or **personal and advertising injury**.

Form No: CNA71823XX (01-2016)
Coverage Part Page: 1 of 3
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 60 of 85

© Copyright CNA All Rights Reserved.

aver000723



**B. Dishonest, Fraudulent, Criminal or Malicious Act Damages**

any **claim** based on or arising out of any actual or alleged intentional, dishonest, fraudulent, criminal or malicious act, error or omission, committed by any **Insured**, including the willful or reckless violation of any statute.

**C. Employment-Related Practices**

any **claim** based on or arising out of any actual or alleged wrongful termination of employment, discrimination, or other employment-related practices.

**D. ERISA**

any **claim** based on or arising out of any actual or alleged act or omission in the **Insured's** capacity as a fiduciary under the Employee Retirement Income Security Act of 1974, as now or hereafter amended, or by any similar federal, state or local laws.

**E. Failure to Perform a Contract**

any **claim** based on or arising out of any actual or alleged failure of performance of contract by any insurer.

**F. Inadequacy of Performance of Investment/Advice Given with Respect to Participation**

any **claim** based on or arising out of any actual or alleged:

**1.** failure of any investment to perform;

**2.** errors in providing information on past performance of investment vehicles; or

**3.** advice given to any person with respect to that person's decision to participate or not to participate in any plan included in the **employee benefit program**.

**G. Insufficiency of Funds**

any **claim** based on or arising out of any actual or alleged insufficiency of funds to meet any obligations under any plan included in the **employee benefit program**.

**H. Workers' Compensation and Similar Laws**

any **claim** based on or arising out of any actual or alleged failure to comply with the mandatory provisions of any workers' compensation, unemployment compensation insurance, social security or disability benefits law or any similar law.

**LIMITS OF INSURANCE AND DEDUCTIBLE**

**A. Limits of Insurance**

**1. Limit of insurance - each employee**

Subject to paragraph **2.** below, the Insurer's Limit of Insurance for **damages** for all covered **claims** made by or behalf of any one **employee** including such **employee's** dependents or beneficiaries, shall not exceed the amount stated in the Declarations as "Employee Benefits Liability - each **employee**".

**2. Limit of insurance - all claims in the Aggregate**

The Insurer's Limit of Insurance for **damages** for all covered **claims** shall not exceed the amount stated in the Declarations as "Employee Benefits Liability - all **claims** in the Aggregate", regardless of the number of **employees**.

**3. Related Claims**

All **related claims**, whenever made, shall be considered a single claim first made during the **policy period** in which the earliest **claim** was first made.

Form No: CNA71823XX (01-2016)
Coverage Part Page: 2 of 3
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 61 of 85

© Copyright CNA All Rights Reserved.

aver000724



**Healthcare Primary**
Coverage Part

    4.  Multiple **insureds, claims,** and claimants

        The Limits of Insurance shown in the Declarations and subject to the provisions of this policy, is the most the Insurer will pay as **damages** regardless of the number of **Insureds, claims** made and reported or persons or entities making **claims.**

**B.  Deductible**

    1.  The Insurer's obligation to pay **damages** on behalf of the **Insured** applies only to the amount of **damages** in excess of the deductible amount stated on the Declarations as applicable to each **employee** including such **employee's** dependents or beneficiaries. The Limits of Insurance shall not be reduced by the amount of this deductible.

    2.  The deductible amount stated on the Declarations applies to all **damages** sustained by any one **employee** including such **employee's** dependents and beneficiaries, because of all acts, errors or omissions to which this insurance applies.

    3.  The Insurer may pay any part or all of the deductible amount to effect settlement of any **claim** and, upon notification of the action taken, the **Insured** shall promptly reimburse the Insurer for such part of the deductible amount as the Insurer has paid.

The Limits of Insurance of this **coverage part** apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the **policy period** shown in the Declarations, unless the **policy period** is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

Form No: CNA71823XX (01-2016)
Coverage Part Page: 3 of 3
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 62 of 85

© Copyright CNA All Rights Reserved.

**aver000725**



**Healthcare Primary**
*Policy Endorsement*



## STOP GAP LIABILITY COVERAGE ENDORSEMENT

It is understood and agreed that this endorsement amends the **HEALTHCARE FACILITIES POLICY** as follows:

### STOP GAP LIABILITY COVERAGE SCHEDULE

Designated state, territory or possession:

| OH |
|---|

Limits of Insurance

$500,000 **Bodily Injury** by Accident - Each Accident

$500,000 **Bodily Injury** by Disease - Aggregate Limit

$500,000 **Bodily Injury** by Disease - Each Employee

I.  With respect only to the coverage provided by this endorsement entitled **COVERAGES** of the **General Liability Coverage Part** is amended to add the following Coverage:

- **STOP GAP LIABILITY**

    **A.**  The Insurer will pay those sums that the **Insured Entity** becomes legally obligated to pay as **damages** because of **bodily injury** sustained by an **employee** of the **Insured Entity**, provided:

    1.  prior to the **employee** sustaining **bodily injury**, the **Insured Entity** had reported and declared the **employee** under the Workers Compensation Law and any Occupational Disease Law of a state, territory or possession designated in the **STOP GAP LIABILITY COVERAGE SCHEDULE;**

    2.  the **bodily injury** arises out of and in the course of the **employee's** employment by the **Insured Entity;** and

    3.  The **bodily injury** is:

        a.  caused by an accident that occurs during the **policy period;** or

        b.  caused by disease that is caused or aggravated by the conditions of the **Insured Entity's** employment. The **employee's** last day of last exposure to the conditions causing or aggravating such **bodily injury** by disease must occur during the **policy period.**

    **B.**  Where recovery is permitted by law, **damages** because of **bodily injury** include **damages:**

    1.  claimed by any person or organization for care, loss of services or death resulting at any time from the **bodily injury;**

    2.  for which the **Insured Entity** is liable to a third party by reason of a **claim** against the **Insured Entity** by the third party to recover amounts the third party was legally obligated to pay under tort law as a result of **bodily injury** to an **employee** of the **Insured Entity;**

    3.  for consequential **bodily injury** to a spouse, **domestic partner**, child, parent, brother or sister of the injured **employee**, provided that such **damages** are the direct consequence of **bodily injury** that arises out of and in the course of the injured **employee's** employment by the **Insured Entity;** and

    4.  because of **bodily injury** to the **Insured Entity's employee** that arises out of and in the course of employment, claimed against the **Insured Entity** in a capacity other than as employer.

Form No: CNA71832XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 6; Page: 1 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 63 of 85

© Copyright CNA All Rights Reserved.

aver000726



II. With respect only to the coverage provided by this endorsement, the section entitled **EXCLUSIONS** of the **General Liability Coverage Part** is amended to add the following:

- **Exclusions applicable to Coverages, Stop Gap Liability, only**

  This **coverage part** does not apply to:

  **Aircraft Operations**

  aircraft operations or the performance of any duty in connection with aircraft while in flight.

  **Asbestos**

  **bodily injury** based on or arising out of any actual, alleged or threatened exposure at any time to **asbestos**, or any loss, cost or expense that may be awarded or incurred by reason of a **claim** for such injury.

  **Contractual Liability**

  liability assumed under a contract.

  **Employment Related Practices**

  **damages** based on or arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any **employee**, or any personnel practices, policies, acts or omissions.

  **Expected or Intended Injury**

  **bodily injury** expected or intended from the standpoint of the **Insured Entity**.

  **Failure to Comply With Workers Compensation Obligation**

  **bodily injury** to an **employee** when the **Insured Entity** is:

  a.  deprived of common law defenses; or

  b.  subject to penalty because of the **Insured Entity's** failure to secure its obligations under the Workers Compensation Law of any state shown in the **STOP GAP LIABILITY COVERAGE SCHEDULE**, or other failure to comply with that law.

  **Federal Employers Liability Laws**

  **bodily injury** to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay **damages** to an **employee** due to **bodily injury** based on or arising out of or in the course of employment, or any amendment to those laws.

  **Federal Workers Compensation Laws**

  **bodily injury** to any person in work subject to the Longshore and Harbor Workers Compensation Act (33 USC Sections 901-950), the Non-appropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Safety and Health Act (30 USC Sections 801-945), and any other federal workers or workmen's compensation law or other federal occupational disease law or any amendment to those laws.

  **Fines or Penalties**

  fines or penalties for violation of governmental laws or regulations.

  **Foreign Exposures**

  **bodily injury** occurring outside Canada, Puerto Rico and the United States of America, its territories or possessions. This exclusion does not apply to a citizen or resident of Canada, Puerto Rico or the United

Form No: CNA71832XX (01-2016)
Endorsement Effective Date:                Endorsement Expiration Date:
Endorsement No: 6; Page: 2 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 64 of 85

© Copyright CNA All Rights Reserved.



States of America who is temporarily outside those countries.

**Fungi and Microbes**

**bodily injury** based on or arising out of any actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**. This exclusion does not apply to any **fungi** that are, are on, or are contained in food or drink, nor to food poisoning caused by **microbes**.

**Migrant and Seasonal Workers**

**damages** payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872) and under any other federal law awarding **damages** for violations of those laws or regulations issued thereunder, and any amendments to those laws.

**Punitive Damages**

multiple, exemplary or punitive **damages**.

**Underage or Illegal Employment**

**bodily injury** suffered or caused by any person:

**a.**   knowingly employed by the **Insured Entity** in violation of any law as to age; or

**b.**   Under the age of 14 years, regardless of any such law.

**Workers Compensation Laws**

any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law.

III.   With respect only to the coverage provided by this endorsement, the section entitled LIMITS OF INSURANCE of the **General Liability Coverage Part** is amended to add the following:

**Stop Gap Liability Limits**

**1.**   The limit shown in the **STOP GAP LIABILITY COVERAGE SCHEDULE** for **Bodily Injury** by Accident - Each Accident is the most the Insurer will pay for all **damages** covered by this insurance because of **bodily injury** to one or more **employees** in any one accident.  A disease is not **bodily injury** by accident unless it results directly from **bodily injury** by accident.

**2.**   The limit shown in the **STOP GAP LIABILITY COVERAGE SCHEDULE** for **Bodily Injury** by Disease - Aggregate Limit is the most the Insurer will pay for all **damages** covered by this insurance and arising out of **bodily injury** by disease.

**3.**   Subject to 2. above, the limit shown in the **STOP GAP LIABILITY COVERAGE SCHEDULE** for **Bodily Injury** by Disease - Each Employee is the most the Insurer will pay for all **damages** because of **bodily injury** by disease to any one **employee**. **Bodily injury** by disease does not include disease that results directly from a **bodily injury** by accident.

IV.   With respect only to the coverage provided by this endorsement, the **Glossary of Defined Terms** is amended as to delete the definitions of **bodily injury** and **Insured Entity** and replace them with the following:

**Bodily Injury** means injury to the body caused by accident or disease, including death resulting from any of these at any time.

**Insured Entity** means the natural person or entity **Named Insured**. **Insured Entity** also means any **subsidiary** of a **Named Insured**, but only if there is no other similar insurance available to that **subsidiary** or that would be available but for exhaustion of its limits.

---

Form No: CNA71832XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 6; Page: 3 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 65 of 85

© Copyright CNA All Rights Reserved.

aver000728



**Healthcare Primary**
Policy Endorsement

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Material used with permission of National Council on Compensation Insurance, Inc.

Form No: CNA71832XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 6; Page: 4 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 66 of 85

© Copyright CNA All Rights Reserved.

aver000729





**Healthcare Primary**
*Policy Endorsement*



| STOP GAP LIABILITY COVERAGE ENDORSEMENT |
|---|

It is understood and agreed that this endorsement amends the **HEALTHCARE FACILITIES POLICY** as follows:

**STOP GAP LIABILITY COVERAGE SCHEDULE**

Designated state, territory or possession:

| WY |
|---|

Limits of Insurance

$500,000 **Bodily Injury** by Accident - Each Accident

$500,000 **Bodily Injury** by Disease - Aggregate Limit

$500,000 **Bodily Injury** by Disease - Each Employee

I.   With respect only to the coverage provided by this endorsement entitled **COVERAGES** of the **General Liability Coverage Part** is amended to add the following Coverage:

- **STOP GAP LIABILITY**

   **A.**   The Insurer will pay those sums that the **Insured Entity** becomes legally obligated to pay as **damages** because of **bodily injury** sustained by an **employee** of the **Insured Entity**, provided:

   **1.**   prior to the **employee** sustaining **bodily injury**, the **Insured Entity** had reported and declared the **employee** under the Workers Compensation Law and any Occupational Disease Law of a state, territory or possession designated in the **STOP GAP LIABILITY COVERAGE SCHEDULE;**

   **2.**   the **bodily injury** arises out of and in the course of the **employee's** employment by the **Insured Entity;** and

   **3.**   The **bodily injury** is:

   **a.**   caused by an accident that occurs during the **policy period**; or

   **b.**   caused by disease that is caused or aggravated by the conditions of the **Insured Entity's** employment. The **employee's** last day of last exposure to the conditions causing or aggravating such **bodily injury** by disease must occur during the **policy period.**

   **B.**   Where recovery is permitted by law, **damages** because of **bodily injury** include **damages:**

   **1.**   claimed by any person or organization for care, loss of services or death resulting at any time from the **bodily injury;**

   **2.**   for which the **Insured Entity** is liable to a third party by reason of a **claim** against the **Insured Entity** by the third party to recover amounts the third party was legally obligated to pay under tort law as a result of **bodily injury** to an **employee** of the **Insured Entity;**

   **3.**   for consequential **bodily injury** to a spouse, **domestic partner**, child, parent, brother or sister of the injured **employee**, provided that such **damages** are the direct consequence of **bodily injury** that arises out of and in the course of the injured **employee's** employment by the **Insured Entity;** and

   **4.**   because of **bodily injury** to the **Insured Entity's employee** that arises out of and in the course of employment, claimed against the **Insured Entity** in a capacity other than as employer.

Form No: CNA71832XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 7; Page: 1 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 67 of 85

© Copyright CNA All Rights Reserved.

aver000730



II. With respect only to the coverage provided by this endorsement, the section entitled **EXCLUSIONS** of the **General Liability Coverage Part** is amended to add the following:

- **Exclusions applicable to Coverages, Stop Gap Liability, only**

    This **coverage part** does not apply to:

    **Aircraft Operations**

    aircraft operations or the performance of any duty in connection with aircraft while in flight.

    **Asbestos**

    **bodily injury** based on or arising out of any actual, alleged or threatened exposure at any time to **asbestos**, or any loss, cost or expense that may be awarded or incurred by reason of a **claim** for such injury.

    **Contractual Liability**

    liability assumed under a contract.

    **Employment Related Practices**

    **damages** based on or arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any **employee**, or any personnel practices, policies, acts or omissions.

    **Expected or Intended Injury**

    **bodily injury** expected or intended from the standpoint of the **Insured Entity**.

    **Failure to Comply With Workers Compensation Obligation**

    **bodily injury** to an **employee** when the **Insured Entity** is:

    a. deprived of common law defenses; or

    b. subject to penalty because of the **Insured Entity's** failure to secure its obligations under the Workers Compensation Law of any state shown in the **STOP GAP LIABILITY COVERAGE SCHEDULE**, or other failure to comply with that law.

    **Federal Employers Liability Laws**

    **bodily injury** to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay **damages** to an **employee** due to **bodily injury** based on or arising out of or in the course of employment, or any amendment to those laws.

    **Federal Workers Compensation Laws**

    **bodily injury** to any person in work subject to the Longshore and Harbor Workers Compensation Act (33 USC Sections 901-950), the Non-appropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Safety and Health Act (30 USC Sections 801-945), and any other federal workers or workmen's compensation law or other federal occupational disease law or any amendment to those laws.

    **Fines or Penalties**

    fines or penalties for violation of governmental laws or regulations.

    **Foreign Exposures**

    **bodily injury** occurring outside Canada, Puerto Rico and the United States of America, its territories or possessions. This exclusion does not apply to a citizen or resident of Canada, Puerto Rico or the United

Form No: CNA71832XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 7; Page: 2 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 68 of 85

© Copyright CNA All Rights Reserved.

**aver000731**



States of America who is temporarily outside those countries.

**Fungi and Microbes**

**bodily injury** based on or arising out of any actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**. This exclusion does not apply to any **fungi** that are, are on, or are contained in food or drink, nor to food poisoning caused by **microbes**.

**Migrant and Seasonal Workers**

**damages** payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872) and under any other federal law awarding **damages** for violations of those laws or regulations issued thereunder, and any amendments to those laws.

**Punitive Damages**

multiple, exemplary or punitive **damages**.

**Underage or Illegal Employment**

**bodily injury** suffered or caused by any person:

**a.**   knowingly employed by the **Insured Entity** in violation of any law as to age; or

**b.**   Under the age of 14 years, regardless of any such law.

**Workers Compensation Laws**

any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law.

III.   With respect only to the coverage provided by this endorsement, the section entitled LIMITS OF INSURANCE of the **General Liability Coverage Part** is amended to add the following:

**Stop Gap Liability Limits**

**1.**   The limit shown in the **STOP GAP LIABILITY COVERAGE SCHEDULE** for **Bodily Injury** by Accident - Each Accident is the most the Insurer will pay for all **damages** covered by this insurance because of **bodily injury** to one or more **employees** in any one accident.  A disease is not **bodily injury** by accident unless it results directly from **bodily injury** by accident.

**2.**   The limit shown in the **STOP GAP LIABILITY COVERAGE SCHEDULE** for **Bodily Injury** by Disease - Aggregate Limit is the most the Insurer will pay for all **damages** covered by this insurance and arising out of **bodily injury** by disease.

**3.**   Subject to 2. above, the limit shown in the **STOP GAP LIABILITY COVERAGE SCHEDULE** for **Bodily Injury** by Disease - Each Employee is the most the Insurer will pay for all **damages** because of **bodily injury** by disease to any one **employee**. **Bodily injury** by disease does not include disease that results directly from a **bodily injury** by accident.

IV.   With respect only to the coverage provided by this endorsement, the **Glossary of Defined Terms** is amended as to delete the definitions of **bodily injury** and **Insured Entity** and replace them with the following:

**Bodily Injury** means injury to the body caused by accident or disease, including death resulting from any of these at any time.

**Insured Entity** means the natural person or entity **Named Insured**. **Insured Entity** also means any **subsidiary** of a **Named Insured**, but only if there is no other similar insurance available to that **subsidiary** or that would be available but for exhaustion of its limits.

Form No: CNA71832XX (01-2016)
Endorsement Effective Date:                     Endorsement Expiration Date:
Endorsement No: 7; Page: 3 of 4
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 69 of 85

© Copyright CNA All Rights Reserved.

aver000732



**Healthcare Primary**
Policy Endorsement

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Material used with permission of National Council on Compensation Insurance, Inc.

Form No: CNA71832XX (01-2016)                                                Policy No: HMA 4032149325
Endorsement Effective Date:                 Endorsement Expiration Date:     Policy Effective Date: 05/01/2020
Endorsement No: 7; Page: 4 of 4                                              Policy Page: 70 of 85
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

© Copyright CNA All Rights Reserved.

aver000733



**Healthcare Primary**
Policy Endorsement

---

## AMENDED DEFINITION OF EMPLOYEE FOR SPECIFIED CLASSES ENDORSEMENT

It is understood and agreed as follows:

I. The **Glossary of Defined Terms**, the definition of **employee** is amended to delete paragraph **B.** in its entirety and replace it as follows:

**B.** with respect to the **Professional Liability Coverage Part** and the **General Liability Coverage Part**, a person whose work is or was engaged and directed by the **Insured Entity**, including students and volunteers. An **employee** includes seasonal and temporary **employees** and **employees** leased or loaned to the **Insured Entity**. An independent contractor is not an **employee**. Solely with respect to the **Professional Liability Coverage Part**, an **employee** does not include interns, residents, physicians, surgeons, dentists, nurse anesthetists, nurse midwives, podiatrists or chiropractors acting in their capacity as such except and solely to the extent they are rendering **Good Samaritan services, proctoring services** or **administrative services** or except to the extent that:

1. they are included within the class of such individuals indicated by a check mark, but only to the Termination Date, if any, listed on the CLASS OF INDIVIDUALS Schedule and applicable to such class of individuals; or

2. they are an individual **employee** listed on the SCHEDULE OF INDIVIDUAL EMPLOYEES set forth below, but only to the Termination Date, if any, listed on such **SCHEDULE** and applicable to such individual **employee**.

If a different Retroactive Date is set forth on the **SCHEDULES** below, the Retroactive Date listed on the Declaration is deleted and is replaced as indicated:

| CLASS OF INDIVIDUALS | | | | |
|---|---|---|---|---|
| ☐ Interns<br><br>Retroactive Date:<br><br>Termination Date | ☐ Residents<br><br>Retroactive Date:<br><br>Termination Date | ☐ Physicians<br><br>Retroactive Date:<br><br>Termination Date | ☐ Surgeons<br><br>Retroactive Date:<br><br>Termination Date | ☐ Dentists<br><br>Retroactive Date:<br><br>Termination Date |
| ☐ Nurse Anesthetists<br>Retroactive Date:<br><br>Termination Date | ☐ Nurse Midwives<br><br>Retroactive Date:<br><br>Termination Date | ☐ Podiatrists<br>Retroactive Date:<br><br>Termination Date | ☐ Chiropractors<br>Retroactive Date:<br><br>Termination Date | ☐ Other (must be a subclass of the designated classes); see Schedule of Other Designated Classes |

| SCHEDULE OF INDIVIDUAL EMPLOYEES | | | | | |
|---|---|---|---|---|---|
| Name of Individual Employee | Occupation | Professional Liability Coverage Form Limits of Insurance | | Retroactive Date | Termination Date |
| | | Each Claim | Aggregate | | |
| Rachel Holmes | PSYCHIATRY | | | 08/01/2018 | |

Form No: CNA71842XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 8; Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 71 of 85

© Copyright CNA All Rights Reserved.

aver000734





**Healthcare Primary**
Policy Endorsement

II.  If an "Each **Claim**" and "Aggregate" Limit of Insurance appears next to the names of those individual **employees** named above in the SCHEDULE OF INDIVIDUAL EMPLOYEES, then solely with respect to each of those individual **employees**, the section entitled **LIMITS OF INSURANCE** of the **Professional Liability Coverage Part,** paragraphs A. and B. and the "Each **Claim**" and "Aggregate" Limits of Insurance set forth on the Declarations are deleted in their entirety and replaced with the "Each **Claim**" and "Aggregate" limits set forth next to each individual **employee's** name. The indicated Each **Claim** and Aggregate Limits of Insurance apply separately to each such individual **employee** and shall be the exclusive Limits of Insurance applicable to such individual **employee**.

The "Each **Claim**" and "Aggregate" Limit of Insurance set forth on the SCHEDULE OF INDIVIDUAL EMPLOYEES above are included within and are not in addition to the Policy Aggregate limit, if any

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

| | | |
|---|---|---|
| Form No: CNA71842XX (01-2016) | | Policy No: HMA 4032149325 |
| Endorsement Effective Date: | Endorsement Expiration Date: | Policy Effective Date: 05/01/2020 |
| Endorsement No: 8; Page: 2 of 2 | | Policy Page: 72 of 85 |
| Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606 | | |

© Copyright CNA All Rights Reserved.

aver000735



**Healthcare Primary**
Policy Endorsement



## MEDICAL LABORATORY COVERAGE ENDORSEMENT

It is understood and agreed as follows:

I.  The **GLOSSARY OF DEFINED TERMS** is amended as follows:

A.  The following new definitions are added:

1.  **Clinical trial** means an organized study or test that uses human subjects to establish the effectiveness, bioequivalence or safety of another's products.

2.  **Clinical trial laboratory services** means testing on materials derived from the human body for a **clinical trial** including:

a.  development of a specific assay (contract testing);

b.  globally Harmonized Testing, customized assay profiles, sample management/logistics; or

c.  consulting services with respect to biosafety, manufacturing and regulatory issues.

3.  **External proficiency or reference testing laboratory services** means the provision of materials derived from the human body to a laboratory so that such laboratory can:

a.  provide information for the diagnosis, prevention, or treatment of any disease or impairment;

b.  assess the health of human beings; or

c.  provide quality control or laboratory proficiencies.

4.  **Medical laboratory services** means the collection or testing of materials from the human body for the purpose of:

a.  providing information for the diagnosis, prevention, or treatment of any disease or impairment; or

b.  assessing the health of human beings.

**Medical laboratory services** includes **external proficiency or reference testing laboratory services**.

B.  The definition of **professional services** is amended as follows:

**Professional services** also means **medical laboratory services**.

C.  Solely with respect to **medical laboratory services**, the definition of **claim** is amended to add the following:

**Claim** does not include a civil proceeding or any written or oral demand by or on behalf of a **clinical trial** or its sponsors, advisors, consultants, review boards, investigators or contract research organizations.

II.  The **Professional Liability Coverage Part**, the section entitled **EXCLUSIONS** is amended to add the following new exclusion:

This **coverage part** does not apply to any **claim** based on or arising out of any actual or alleged **clinical trial laboratory services**, except that this exclusion does not apply to a **claim** made by a participant in a **clinical trial** alleging negligent rendering of or failure to render **medical laboratory services**.

Form No: CNA71875XX (01-2016)
Endorsement Effective Date:              Endorsement Expiration Date:
Endorsement No: 9; Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 73 of 85

© Copyright CNA All Rights Reserved.

aver000736



**Healthcare Primary**
Policy Endorsement

III.  The **General Liability Coverage Part**, the section entitled **EXCLUSIONS**, the paragraph entitled **Exclusions Applicable Only to Bodily Injury and Property Damage Liability Coverage and Personal and Advertising Injury Liability Coverage** is amended to add the following new exclusion:

This **coverage part** does not apply to any **bodily injury**, **property damage** or **personal and advertising injury** arising out of any actual or alleged **clinical trial laboratory services**.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

| | |
|---|---|
| Form No: CNA71875XX (01-2016) | Policy No: HMA 4032149325 |
| Endorsement Effective Date:            Endorsement Expiration Date: | Policy Effective Date: 05/01/2020 |
| Endorsement No: 9; Page: 2 of 2 | Policy Page: 74 of 85 |
| Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606 | |

© Copyright CNA All Rights Reserved.

aver000737



**Healthcare Primary**
Policy Endorsement

---

**CANCELLATION AND NONRENEWAL AMENDATORY ENDORSEMENT WITH MINIMUM EARNED PREMIUM PROVISIONS**

---

It is understood and agreed that the following provisions are added to the **COMMON TERMS AND CONDITIONS**:

**Cancellation**

1. This policy can be canceled by either the **First Named Insured** or the Insurer.

2. Only the **First Named Insured** may cancel this policy at any time. To do so, the **First Named Insured** must:

   a. return the policy to the Insurer or any of its authorized representatives, indicating the effective date of cancellation; or

   b. provide a written notice to the Insurer, stating when the cancellation is to be effective.

   The Insurer must receive the policy or written notice before the cancellation date.

3. The Insurer can cancel this policy by giving written notice to the **First Named Insured**, at its last known address at least:

   a. the indicated number of days for Cancellation for Nonpayment as indicated on the Declarations, if the Insurer cancels for non-payment of premium; or

   b. the indicated number of days for Cancellation for any Other Reason as indicated on the Declarations, if the Insurer cancels for any other reason;

   before the effective date of cancellation.

4. Notice of cancellation will state the effective date of cancellation. The policy will end on that date.

5. If the Insurer cancels, the refund will be pro rata. If the **First Named Insured** cancels, the refund may be less than pro rata. The Insurer shall retain a minimum percentage of earned premium in the percentage set forth in the declarations. The cancellation will be effective even if the Insurer has not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

**Non-renewal**

The Insurer can non-renew this policy by giving written notice to the **First Named Insured**, at its last known address, at least the number of days for Nonrenewal as indicated on the Declarations before the expiration date. If notice of nonrenewal is mailed, proof of mailing will be sufficient proof of notice.

All other terms and conditions of the policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

---

Form No: CNA71876XX (01-2016)
Endorsement Effective Date:                Endorsement Expiration Date:
Endorsement No: 10; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 75 of 85

© Copyright CNA All Rights Reserved.

aver000738



**Healthcare Primary**
Policy Endorsement

| |
|---|
| **EMERGENCY EVACUATION EXPENSES ENDORSEMENT** |

It is understood and agreed as follows:

I.   The following Limit of Insurance and deductible are added:

**Emergency Evacuation Expenses** Aggregate Limit of Insurance: $25,000

**Emergency Evacuation Expenses** deductible per **emergency evacuation**: $0

II.   The **Professional Liability Coverage Part** is amended to add the following:

A.   **Emergency Evacuation Expenses**

Subject to the **Emergency Evacuation Expenses** deductible set forth in paragraph I., above if any scheduled, the Insurer will pay **emergency evacuation expenses** up to the **Emergency Evacuation Expenses** Aggregate Limit of Insurance set forth in paragraph I. above  for all **Emergency Evacuation Expenses** in the Aggregate, regardless of the number of **Insureds** or the number of such evacuations,, provided that such **emergency evacuation** is reported to the Insurer no later than 60 days after the **emergency evacuation** takes place.

Any amounts paid by the Insurer for **emergency evacuation expenses** incurred by the **Insured entity** pursuant to this endorsement shall be in addition to the Limits of Insurance.

III.   The **GLOSSARY OF DEFINED TERMS** is amended by the addition of the following new definitions:

**Emergency evacuation** means an evacuation, that begins during the **policy period,** of the **Insured Entity's** premises based upon imminent danger from an external event or a condition which could cause loss of life or harm to the **Insured Entity's** patients. **Emergency evacuation** shall not include an evacuation arising out of:

A.   a strike, bomb threat or false fire alarm, unless vacating is ordered by a civil authority;

B.   a planned vacating drill;

C.   the relocation of one or more patients that is due and confined to their individual medical condition;

D.   nuclear hazard;

E.   war and military action.

**Emergency evacuation expenses** means the reasonable and necessary expenses incurred by an **Insured Entity** in the performance of an **emergency evacuation**, including the costs of transportation and relocation of patients.

All other terms and conditions of the policy remain unchanged.

| |
|---|
| This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below. |

| | |
|---|---|
| Form No: CNA71880XX (01-2016) | Policy No: HMA 4032149325 |
| Endorsement Effective Date:          Endorsement Expiration Date: | Policy Effective Date: 05/01/2020 |
| Endorsement No: 11; Page: 1 of 1 | Policy Page: 76 of 85 |
| Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606 | |

© Copyright CNA All Rights Reserved.

**aver000739**

**Healthcare Primary**
Policy Endorsement

## ADDITIONAL INSURED ENDORSEMENT



**The changes set forth below are applicable only to coverage parts included within the scope of this endorsement. The coverage parts included within the scope of this endorsement are indicated by a check mark.**

[X] Professional Liability Coverage Part

[X] General Liability Coverage Part

It is understood and agreed as follows:

| SCHEDULE |
| --- |
| **Name Of Additional Insured Person Or Organization** |
| Issaquah Municipal Court - General Liability only |
| Clayton County Central Services Department |
| County of Fresno, its officers, agents, and employees, individually and collectively DSS, PO BOX 1912, |
| County of Tulare (including its officers, agents, employees & volunteers) |
| County of Orange, its elected and appointed officials, officers, agents and employees, 500 N. State College |

I.  The definition of **Insured** in the **GLOSSARY OF DEFINED TERMS** is amended as follows:

Solely with respect to the **General Liability Coverage Part**, **Insured** also means the person or organization shown in the **SCHEDULE** above, but such person or organization is an insured exclusively for **bodily injury** or **property damage** arising out of an **occurrence**, or **personal and advertising injury** arising out of an offense, for which such person or organization is vicariously liable because of acts or omissions committed by the **Insured Entity**:

A.  in the performance of the **Insured Entity's** ongoing operations; or

B.  in connection with premises owned by or rented to the **Insured Entity**.

There is no coverage for such person or organization for **bodily injury**, **property damage**, or **personal and advertising injury** arising out of its own acts or omissions.

II.  If the **Professional Liability Coverage Part** is included within the scope of this Endorsement, as indicated by a check mark above, then, solely with respect to the **Professional Liability Coverage Part**, **Insured** also means the person or organization shown in the **SCHEDULE** above, but such person or organization is an insured exclusively for the vicarious liability imposed upon such person or organization because of acts, errors or omissions in the rendering of covered **professional services** by the **Insured Entity**. There is no coverage for such person or organization for its liability arising out if its own acts, errors or omissions.

III.  The section entitled **CANCELLATION AND NON-RENEWAL** of the **COMMON TERMS AND CONDITIONS** is amended with the addition of the following:

It is further agreed that:

●  In the event that the Insurer cancels this policy for reason other than for non payment of premium before the expiration date thereof, the Insurer shall provide notice of such cancellation to the additional insured listed on the **SCHEDULE** above. Such notice shall be provided in accordance with the time frame required for notice to the **First Named Insured** as set forth in the Cancellation/Nonrenewal Endorsement to the Policy.

Form No: CNA71913XX (01-2016)
Endorsement Effective Date:                Endorsement Expiration Date:
Endorsement No: 12; Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 77 of 85

© Copyright CNA All Rights Reserved.

aver000740



**Healthcare Primary**
Policy Endorsement

Any failure by the Insurer to provide such notice of cancellation to the additional insured as set forth above will not extend the policy cancellation date or negate cancellation of the policy, or be cause for legal action against the Insurer.

In the event that the Insurer non-renews this policy, the Insurer shall provide notice of non-renewal of the Policy to the additional insured listed on the **SCHEDULE** above. Such notice shall be provided in accordance with the time frame required for notice of non-renewal to the **First Named Insured** as set forth in the Cancellation/Nonrenewal Endorsement to the policy.

The coverage afforded under this endorsement shall be subject to all other terms and conditions of this policy. Nothing herein shall serve to confer any rights to such person or organization under this policy other than as provided herein. In no event shall the inclusion of such person or organization as an **Insured** operate to increase the Limits of Insurance stated on the Declarations and provided under this policy.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA71913XX (01-2016)
Endorsement Effective Date:          Endorsement Expiration Date:
Endorsement No: 12; Page: 2 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 78 of 85

© Copyright CNA All Rights Reserved.

aver000741



**Healthcare Primary**
Policy Endorsement



| PREMIUM PAYMENT SCHEDULE ENDORSEMENT |
|---|

The total premium for the policy as shown on the Declarations is payable as shown below:

- Due at effective date
Due on 06/01/2020
Due on 07/01/2020
Due on 08/01/2020
Due on 09/01/2020
Due on 10/01/2020
Due on 11/01/2020
Due on 12/01/2020
Due on 01/01/2021
Due on 02/01/2021

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA71946XX (01-2016)
Endorsement Effective Date:            Endorsement Expiration Date:
Endorsement No: 13; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 79 of 85

© Copyright CNA All Rights Reserved.





## DEDUCTIBLE ENDORSEMENT (APPLICABLE TO DAMAGES ONLY)

It is understood and agreed as follows:

I.   The following **Deductible** section is added to the Declarations:

   A.   Subject to paragraph B. below, the deductible applies as follows:

   1.   $2,500 each **occurrence** causing **bodily injury** or **property damage** under the **General Liability Coverage Part**.

   2.   $2,500 each person or organization sustaining **personal and advertising injury** arising out of an offense under the **General Liability Coverage Part**.

   3.   $2,500 each **claim** under the **Professional Liability Coverage Part**.

   B.   Aggregate:

   1.   Combined Aggregate applicable to all **Coverage Parts**:

   Regardless of the number of applicable **coverage parts**, the aggregate deductible, if any, is N/A and applies to all **occurrences** causing **bodily injury** or **property damage**, or all persons or organizations sustaining **personal and advertising injury** arising out of an offense under the **General Liability Coverage Part** and all **claims** under the **Professional Liability Coverage Part**; or

   2.   Aggregate applicable to each **Coverage Part**:

   a.   The aggregate deductible, if any, of N/A applies to all **occurrences** causing **bodily injury** or **property damage** and all persons or organizations sustaining **personal and advertising injury** arising out of an offense under the **General Liability Coverage Part**.

   b.   The aggregate deductible, if any, of N/A applies to all **claims** under the **Professional Liability Coverage Part**.

   C.   The **Professional Liability Coverage Part** and the **General Liability Coverage Part** are amended to add the following new section entitled **DEDUCTIBLE**:

   The Insurer's obligation to pay **damages** as a result of a **claim**, **occurrence** or offense is subject to the deductible set forth in paragraph I. of this endorsement. The **Insured** agrees to pay all such **damages** up to the amount of such deductible. The deductible amount erodes the applicable limits of insurance. Payment of the deductible or portions thereof shall be made by the **Insured** as such **damages** are paid. If there is a Deductible Security Agreement between the **Insured** and the Insurer, such payments shall be made pursuant to it.

   Notwithstanding the forgoing, at the Insurer's discretion, the Insurer may pay any part or all of the deductible amount to effect settlement of any **claim** or to satisfy a judgment against an **Insured** and, upon notification of the action taken, the **Insured** shall promptly, but in no event later than fourteen days after such notification, reimburse the Insurer for such part of the deductible amount as has been paid by the Insurer.

   D.   The **Professional Liability Coverage Part**, the section entitled **COVERAGE** is amended to delete the introductory sentence and replace it with the following:

   Subject to the deductible, the Insurer will pay all amounts up to the Insurer's limit of insurance which the **Insured** becomes legally obligated to pay as **damages** as a result of a **claim** arising from an act, error or omission in the rendering of **professional services** provided that:

Form No: CNA71952XX (01-2016)
Endorsement Effective Date:            Endorsement Expiration Date:
Endorsement No: 14; Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 80 of 85

© Copyright CNA All Rights Reserved.

aver000743



**Healthcare Primary**
Policy Endorsement

E. The **General Liability Coverage Part** and the **Professional Liability Coverage Part**, the section entitled **DEFENSE** is amended to add the following:

- Payment of **defense costs** are not included within the deductible.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA71952XX (01-2016)                                          Policy No: HMA 4032149325
Endorsement Effective Date:              Endorsement Expiration Date:    Policy Effective Date: 05/01/2020
Endorsement No: 14; Page: 2 of 2                                        Policy Page: 81 of 85
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Policy Endorsement

## SERVICE OF SUIT ENDORSEMENT



Wherever used in this endorsement Named Insured means the first person or entity named on the declarations page.

In consideration of the premium paid for this Policy, it is agreed that the following provision is added to the Policy:

**SERVICE OF SUIT**

Pursuant to any statute of any state, territory or district of the United States which makes provision therefore, the Insurer hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Named Insured or any beneficiary hereunder arising out of this contract of insurance, and hereby designates the below-named as the person to whom the said officer is authorized to mail such process or true copy thereof.

Service of process in such suit shall be made upon:

General Counsel
Columbia Casualty Company
151 N. Franklin St.
Chicago, IL 60606

and in any suit instituted against such person upon this policy, the Insurer will abide by the final decision of such court or of any appellate court in the event of an appeal.

The General Counsel is authorized and directed to accept service of process on behalf of the Insurer in any such suit and, upon the request of the Named Insured, to give a written undertaking to the Named Insured that he will enter a general appearance upon the Insurer's behalf in the event such suit shall be instituted.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

© Copyright CNA All Rights Reserved.

aver000745



**Healthcare Primary**
Policy Endorsement



## ADDITION OF INSURED ENDORSEMENT

It is understood and agreed as follows:

Solely with respect to any **Coverage Part** designated with a check in the table below:

   **I.**    The definition of **Insured** in the **Glossary of Defined Terms** is amended to include the Entity listed on the Schedule below.

   **II.**   If a Retroactive Date is listed opposite any Entity listed on the Schedule, the corresponding Retroactive Date on the Declarations is deleted with respect to such entity and replaced with the applicable Retroactive Date listed on the Schedule below.

**SCHEDULE**

| Name of Entity | Professional Liability Coverage Part | PL Retro Date | General Liability Coverage Part | GL Retro Date | Employee Benefits Liability Coverage Part | EBL Retro Date |
|---|---|---|---|---|---|---|
| Avertest LLC DBA Avertest | [X] | 12/07/2010 | [X] | | [ ] | |
| Avertest LLC DBA Averhealth | [X] | 12/07/2010 | [X] | | [ ] | |

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA77987XX (01-2016)
Endorsement Effective Date:             Endorsement Expiration Date:
Endorsement No: 16; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 83 of 85

© Copyright CNA All Rights Reserved.



**Healthcare Primary**
Policy Endorsement



## EXCLUSION OF CERTIFIED ACTS OF TERRORISM ENDORSEMENT

Solely with respect to any coverage other than crime, auto, professional liability or any other coverage exempt from the Terrorism Risk Insurance Act, as extended and reauthorized (the "Act"), it is understood and agreed as follows:

The policyholder has been previously notified of the availability of and the price for coverage of "certified acts of terrorism" under the Act. The policyholder has opted to exclude such coverage under any Coverage Part to which this endorsement is applicable. This endorsement excludes such "certified acts of terrorism".

I.   The following exclusion is added:

**Terrorism**

This insurance does not apply to "any injury or damage" arising, directly or indirectly, out of a "certified act of terrorism".

II.  The following new definitions are added to the policy:

A.  For the purposes of this endorsement, "any injury or damage" means any injury or damage covered under any Coverage Part to which this endorsement is applicable, and includes but is not limited to "bodily injury", "property damage", or "personal and advertising injury" as may be defined in any applicable Coverage Part.

B.  "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in consultation with the Secretary of Homeland Security and the Attorney General of the United States, to be an act of terrorism pursuant to the Act. The Act set forth the following criteria for a "certified act of terrorism":

1.  The act resulted in aggregate losses in excess of $5 million; and

2.  The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

III. The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for injury or damage that is otherwise excluded under this Coverage Part or policy.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA81756XX (03-2015)
Endorsement Effective Date:                Endorsement Expiration Date:
Endorsement No: 17; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 84 of 85

© Copyright CNA All Rights Reserved.

aver000747





**Healthcare Primary**
Policy Endorsement

---

**AMENDED DEFINITION OF CLAIM ENDORSEMENT - HEALTHCARE FACILITIES PRIMARY POLICY -GOVERNMENTAL AND OTHER ENTITIES EXCLUSION**

It is understood and agreed that this endorsement amends the Policy as follows:

The GLOSSARY OF DEFINED TERMS, the definition of **claim** is amended with the addition of the following:

However, a **claim** does not include any such civil proceeding or written or oral demand brought, in whole or in part, by or on behalf of:

**A.** any union or like representative entity; or

**B.** any federal, state, local, tribal, or foreign governmental:

   **1.** entity,

   **2.** agency,

   **3.** body,

   **4.** program,

   **5.** authority; or

**C.** any agent of A. or B., above.

All other terms and conditions of the policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

---

Form No: CNA95413XX (03-2019)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 18; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMA 4032149325
Policy Effective Date: 05/01/2020
Policy Page: 85 of 85

© Copyright CNA All Rights Reserved.

aver000748