IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>AVERTEST, LLC, *et al.*<br><br>*Defendants*. | Civil Action No.: 1:24-cv-0932-LMB-WBP |

**DEFENDANT AVERTEST, LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Avertest, LLC ("Avertest"), by and through undersigned counsel, sets forth the following in reply to Plaintiff Navigators Specialty Insurance Company's ("Navigators") Omnibus Response in Support of Its Motion for Summary Judgment (ECF No. 43) and in support of Avertest's Cross-Motion for Summary Judgment against Navigators and Columbia Casualty Company ("Columbia") (ECF No. 41):

**INTRODUCTION**

In its Omnibus Response, Navigators primarily argues that the insurance policy it issued to Avertest does not cover the *Foulger* claims because "*Foulger's* individual plaintiffs would have been members of the *Gonzalez* class." (ECF No. 43, p. 1). This relies on two faulty premises.

First, the *Gonzalez* class was never certified, nor did that court make any determinations regarding the definition or scope of any viable class. Therefore, Navigators' attempt to fit the *Foulger* plaintiffs into a *Gonzalez* class is pure speculation. If anything, the differences among the various plaintiffs' claims that cut against class certification in *Gonzalez* also illustrate why *Gonzalez* and *Foulger* are not related claims for insurance purposes.

1

Second, regardless of the relief that the *Gonzalez* plaintiffs requested, the Court must make its own determination of "relatedness." The Gonzalez plaintiffs' definition of what they thought a class should look like is simply not relevant. Whether two cases are "related" under an insurance policy depends on the facts underlying the claims, not the plaintiffs' legal strategy. Navigators relies on *Gonzalez*' request for class certification because, otherwise, it would have to admit that the facts underlying *Gonzalez* and *Foulger* are not sufficiently connected.

When it does address the factual issues, Navigators argues that broadly drawn *allegations* in *Gonzalez* and *Foulger* render the two claims "related." However, under this Court's precedent, broad similarities are not enough. Claims are not "related" when the only connection is that "[i]f painted in broad strokes, the two Claims may [have] arise[n] out of the same deficient corporate structure or . . . lack of oversight." *Continental Casualty Co. v. AWP USA, Inc.*, 2021 WL 1225968, at *15 (E.D. Va. Mar. 31, 2021) (internal quotation marks omitted). That is exactly the case here. Navigators can only draw connections between *Gonzalez* and *Foulger* by painting the claims "in broad strokes." *See id.* Therefore, as explained more fully below, the claims are not related, and Navigators' motion for summary judgment should be denied.

## ARGUMENT

**I.     The Fact That the *Gonzalez* Plaintiffs Sought Class Certification Has No Bearing on Whether *Gonzalez* and *Foulger* are Related.**

Navigators' assumption that the *Foulger* plaintiffs were subsumed in the proposed *Gonzalez* class is not well-founded. That the *Gonzalez* plaintiffs sought – but did not obtain – class certification holds little weight in determining whether *Foulger* is related to *Gonzalez*. First, Navigators' argument is flawed because *Gonzalez* sought the certification of a nationwide class and/or a Missouri class. (*See Gonzalez* complaint, ECF 7-4 ¶ 52.) There is no guarantee that any

class – much less a national class that would include *Foulger* plaintiffs – would have been certified. Navigators cannot rely on hypotheticals to make its case.

Further, because class certification was never adjudicated in *Gonzalez*, there is no reason to believe that the claims of the proposed class members were sufficiently similar to support class relief. The *Gonzalez* court never made any determinations on the commonality and typicality of the proposed class claims, and this Court should not accept Navigators' invitation to make those determinations now. Absent class certification, there is no basis to conclude even that the claims of the proposed class members in *Gonzalez* were related, much less that they were related to the subsequent claims of the *Foulger* plaintiffs.

Finally, *Gonzalez* was voluntarily dismissed on February 23, 2022, and the Second Amended Complaint in *Foulger* includes allegations of events taking place well after that. (*See* Stip. Facts ECF No. 35 ¶ 10; *Foulger* SAC, ECF No. 7-9.) The proposed class in *Gonzalez* cannot include individuals who did not even have a viable claim to assert at the time *Gonzalez* was dismissed.

Navigators' assertion that the *Foulger* plaintiffs would have been members of the *Gonzalez* class is misplaced. The fact that *Gonzalez* was styled as a class action has no bearing on whether it is related to the claims asserted in *Foulger*.

## II. *Gonzalez* and *Foulger* Are Not Related Because They Do Not Arise Out of a "Common Nucleus of Operative Facts."

When it does address the facts, Navigators relies on four commonalities between Gonzalez and Foulger to argue that the claims are related. (ECF No. 43 at 5.) But all four of those commonalities merely allege "general business practices" that are insufficient to render two claims related. *See AWP USA*, 2021 WL 1225968, at *15. First, Navigators relies on the same alleged "public misstatements." The alleged "public misstatements" in question are general statements

3

about Avertest, pulled from Avertest's website. (*See Gonzalez* complaint, ECF 7-4 ¶¶ 12-13, 15, 17, 18; *Foulger* SAC, ECF No. 7-9, ¶¶ 30, 32, 35-37.) Nothing about those statements is particularized to any claim from any Plaintiff. Citation to Avertest's public marketing materials cannot be the lynchpin for "relatedness" because that could result in innumerable related claims. *See AWP USA*, 2021 WL 1225968, at *15 (recognizing that facts are too broad to establish relatedness where those facts apply to a large amount of claims).

Second, Navigators points out that *Gonzalez* and *Foulger* both arose out of "lab-based drug testing" conducted in the same laboratory, under the same procedures and supervision. There is no evidence that the same supervisor oversaw every test conducted in *Gonzalez* and *Foulger*. More importantly, Navigators has again only identified a common fact that would apply to most, if not all, professional conduct claims against Avertest. *All* of Avertest's drug testing is conducted in one location and the procedures for conducting all of those tests are necessarily part of Avertest's "general business practices." Arguing that Avertest's procedures or supervision are deficient simply alleges that the claims arise out of "the same deficient corporate structure or . . . lack of oversight." *See id.* This Court has already recognized that is not enough to render two claims "related." *Id.*

Navigators also relies on the fact that *Gonzalez* and *Foulger* both allege that Avertest produced false test results, and that those faulty test results caused "custody-based harm." While these purported commonalities are marginally more specific than the basic fact that both lawsuits arise out of drug testing, they still are not enough to establish that the claims arise out of "the same nucleus of operative facts." *See id.* Practically speaking, most professional liability claims against a drug testing company are likely to allege false test results, and many drug tests are used in custody disputes. Those facts alone are much too broad of a connection to specifically connect

4

*Gonzalez* and *Foulger*. *See id.* Navigators points to no allegations that the same specific errors, employees, or tests connect *Gonzalez* and *Foulger*.

Recognizing the breadth of its argument, Navigators states that it "is arguing only that *these* drug-testing claims—in which a group of lawyers recruited plaintiffs with similar claims to file both a class action and a subsequent mass action where the allegations in both complaints are almost identical—are related." (ECF No. 43 at 6). Thus, Navigators acknowledges that the facts of each claim are only broadly related, and attempts to shift the attention to the fact that *Gonzalez* and *Foulger* were filed by the same plaintiffs' lawyers. But that is not a fact that this Court has ever considered in determining whether two claims are factually related. That is akin to saying that every Lemon Law claim filed by the same attorney against the same manufacturer, using the same template, is a related claim. The mere fact that these attorneys felt they could be successful by bringing multiple claims against Avertest has no bearing on whether the claims are factually connected. The claims are only related if they share a "common nucleus of operative facts," see AWP USA, 2021 WL 1225968, at *15, which is a completely different question than whether the claims were filed by the same attorneys.

Unlike cases where claims were held to be connected, the *Gonzalez* and *Foulger* claims do not allege that the same employees were involved in each test, that the same errors resulted in the allegedly false results, or that this was all part of a single scheme conducted by one person. *Cf. Stewart Engineering, Inc. v. Continental Casualty Co.*, 751 Fed. App'x 392, 394–95 (4th Cir. 2018) (finding two claims connected where the same error between the same people resulted in the same triggering event for each claim); *Bryan Brothers Inc. v. Continental Casualty Co.*, 704 F. Supp. 2d 537, 543 (E.D. Va. 2010), *aff'd* 660 F.3d 827 (4th Cir. 2011) (finding claims related where they all arose out of one embezzlement scheme from one employee). Instead, generously

5

construed, the claims commonly allege that Avertest's general business practice of prioritizing speed over accuracy led to faulty test results. And as this Court has already stated, claims are not "related" if the only commonality between the claims is "one of [the insured's] general business practices as opposed to, for example, the same underlying facts, misstatements, transactions or events." *See AWP USA*, 2021 WL 1225968, at *15.

It is also worth noting that Navigators asks the Court to make a determination as to relatedness based solely on the *allegations* in *Gonzalez* and *Foulger*. *Gonzalez* was voluntarily dismissed before any ruling on the merits, nor have the facts of the *Foulger* case been adjudicated. Whether the claims asserted by the various plaintiffs in *Gonzalez* and *Foulger*, respectively, are actually related requires findings of fact that have not occurred (and will never occur in the *Gonzalez* case). The factual record is not sufficiently developed to justify a ruling that the various claims asserted in *Gonzalez* and *Foulger* arise out of a series of related acts, errors or omissions.

**III.    In the Alternative, Navigators' Arguments as To Columbia Are Well-Reasoned.**

If the Court agrees with Navigators' position and determines that *Gonzalez* and *Foulger* are related claims, then Columbia has a duty to defend Avertest against *Foulger*. As Navigators explains in response to Columbia's motion for summary judgment, the Columbia policy clearly applies to claims made after the end of a policy period but "related" to a claim made during the policy period. Any other result would be absurd and contrary to the language of Columbia's policy.

In support of this argument, and in the interest of brevity, Avertest incorporates the points and authorities in Avertest's Brief in Support of its Cross-Motion for Summary Judgment (ECF No. 42), Navigators' Brief in Support of its Motion for Summary Judgment (ECF No. 37), and Navigators' Omnibus Response (ECF No. 43).

## **CONCLUSION**

The Court should deny Navigators' and Columbia's motions for summary judgment, grant Avertest's motion for summary judgment, and issue the declaratory relief requested by Avertest.

Date: March 24, 2025

/s/ Harold E. Johnson
Harold E. Johnson (VSB No. 65591)
Jane W. Chiffriller (VSB No. 98138)
Williams Mullen, P.C.
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Phone: (804) 420-6000
Fax: (804) 420-6507
hjohnson@williamsmullen.com
*Attorney for Avertest, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, a true copy of the foregoing is being served on the following counsel of record via the Court's ECF distribution system:

Thomas S. Garrett (VSB No: 73790)
HARMAN CLAYTOR CORRIGAN &
WELLMAN, P.C.
4951 Lake Brook Drive, Suite 100
Glen Allen, Virginia 23060-9272
(804) 747-5200 telephone
(804) 747-6085 facsimile
tgarrett@hccw.com


Ezra S. Gollogly (*pro hac vice*)
Josph Dudek (*pro hac vice*)
KRAMON & GRAHAM, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
(410) 752-6030 telephone
(410) 539-1269 facsimile
egollogly@kg-law.com
jdudek@kg-law.com
*Attorneys for Navigators Specialty Insurance Company*


Margaret Fonshell Ward (Bar No. 94295)
Downs Ward Bender Herzog & Kintigh, P.A.
Executive Plaza 3, Suit e400
11350 McCormick Road
Hunt Valley, Maryland 21031
Phone: (410) 584-2800
mward@downs-ward.com
*Attorney for Columbia Casualty Company*

                    /s/ Harold E. Johnson
                    Harold E. Johnson (VSB No. 65591)